John Jones, Thomas Jones, and William Jones, appellants *v.* John Doe *ex dem.* Betsey Bramblet and Nancy Bramblet, appellees.

*Appeal from Gallatin.*

Where A. devised land to C., to take effect on the death of the wife of A., on condition that C. would become bound to and live with A.'s wife until C. should be married, evidence of the declarations of the wife of A., that she did not desire C. to be bound to her, is relevant and proper. If A.'s wife voluntarily dispense with the performance of the condition, the estate will take effect.

The performance of a condition, where it has been voluntarily dispensed with, is not essential or necessary to the perfection of an estate.

The declarations and acts of a *third* person, are not legal evidence.

If there exist any obscurity in the language of a will, owing to its peculiar phraseology, and the seeming incongruities of its several parts, and the Court can ascertain the real intention of the testator and give effect to the several parts of the will without rendering any component part inoperative, it is bound so to do.

If there be two devises in a will of the same property to two different persons, and the first create an estate of inheritance. the second devise without words of perpetuity, will not destroy the first, and will create a life estate only, with reversion in the heirs of the first devisee.

If a testator annex a condition to the creation of an estate, the performance of which afterwards becomes impossible, the devisee will take the estate discharged of the condition.

Words of inheritance or perpetuity, are essential to create a fee.

A devise without words of perpetuity or inheritance, creates a life estate only.

This was an action of *ejectment* brought by plaintiff's lessors, to recover possession of the S. E. qr. of Sec. 14, T. 8, S. R. 6 East. In the year 1830, John Brown, under and by virtue of whose will the lessors of the plaintiff claim title, died seized of two tracts of land in Gallatin county, which he bequeathed with his personal property, "to his well belovéd wife Sarah, for to

(1) 2 Starkie 922.

have the benefit and profit of the farms and improvements thereon, during her natural life, and at her death to descend to her heirs, except the S. E. qr. Sec. 14, T. 8, S. R. 6 East," (the same land this action was brought to recover,) " which is given equally to two infant children," then living in his family, " named and called Betsey Bramblet and Nancy Bramblet, (the lessors of the plaintiff in the Court below,) daughters of Benjamin and Polly Bramblet. This land is given to the aforesaid Nancy and Betsey, if they should continue to live with my wife, and are bound to her and continue to live with her, until married." Mrs. Sarah Brown, the wife of the testator, died in 1832, and Thomas, William, and John Jones, defendants below, took possession of the lands as heirs at law.

The evidence on the part of the plaintiff, material to the issue on the trial of this cause, was in substance as follows : George Wright testified, that the testator, John Brown, died in March, 1830, and that in the fall of the same year, his wife, Mrs. Sarah Brown, removed to Kentucky, leaving the children (the Bramblets) in the care of their grandmother, Mrs. Nancy Brown. That Mrs. Sarah Brown had never requested or desired that the children should be bound to her, and she was unable to take charge of them and raise them herself; but had nothing against the children's having the land.

Mrs. Nancy Brown testified that in the summer following testator's death, witness took the children at the desire of Mrs. Sarah Brown, who did not want them bound to her, and was unable to take care of them if they had been. The defendants then offered to prove by a witness, that she, as grandmother of the Bramblets, had often said they never should be bound to Mrs. Sarah Brown; which the Court refused. Whereupon the defendants, by their counsel, objected to the introduction of all the foregoing testimony, and excepted to the opinion of the Court in admitting parol evidence, except so far as it went to show a compliance with that part of the will which made it necessary for the lessors of the plaintiff to continue with Mrs. Sarah Brown, and that she, since the making of the will, had died. Judgment was entered for the plaintiff on the verdict of the jury.

JESSE J. ROBINSON, for the appellants, relied on the following points and authorities.

1st. If the lessors of the plaintiff had been bound under the will, to Sarah Brown, it should have appeared by record evidence alone. H. Dig. 68.

2d. If parol evidence, though erroneous, be admitted for one party, it should not be rejected as to the other. Con. Dig. 170.

3d. Where a fee simple is conveyed to one, there is no estate remaining. 4 Dane 301, § 3; 4 Dane 614, § 6. The defendants

x

are entitled under the will to the bequeathed land as heirs of Sarah Brown, the testator's wife; for it is given and bequeathed to them alone absolutely and unconditionally, viz. " during her natural life, and at her death to descend to her heirs." Here is clearly a life estate given to Sarah Brown, and the fee to her heirs. This may be done and is legal.

4th. But the lessors of the plaintiff say the land sued for is excepted out of the gift and bequest to Sarah Brown and her heirs, and given to them in fee simple. This cannot be the fact, for " the devise to the lessors is void, as inconsistent with the absolute, unqualified interest of defendants." The fee cannot be given to one, and a life estate afterwards carved out of it and given to another. The exception in the will is repugnant to the estate previously demised and vested, and therefore void. So that the former disposition of the land would remain as if the after excepting clause had never been made. 4 Dane's Abr. 92–4, § 1, 3, 4, 5, 9, 10, 11; 1 Shep. Touch. 79. The exception is also void because of the uncertainty in the description of the land or estate excepted, there being no words of reference, such as " aforesaid," or of specific identification as are used in the gift or bequest to Sarah Brown and her heirs. *Ib.* and also 4 Dane's Abr. 505 § 7.

5th. Conceding the legality of the exception, the devise in the testator's will creates only a life estate in the plaintiff's lessors, for the bequest hath no words of inheritance or perpetuity in it; and such words are indispensable to convey a fee. 2 Blac. Com. 108–15; 4 Dane's Abr. 305 § 12, 307 § 22, 609 § 6, 615 § 11.

6th. The estate, before it could vest in plaintiff's lessors, was made to depend upon three separate and distinct conditions precedent, none of which were proven to have been complied with or performed. Whatever estate was given by the devise, was conditionally given, to take effect or not upon the performance or non-performance of the condition. 2 Blac. Com. 154–7; 4 Dane's Abr. 162 § 1, 164 § 9, 782 § 16, 783 § 17. If the condition be only subsequent, and the estate be given to another, it must be strictly performed. 4 Bac. Abr. 420. Conditions that destroy an estate must be performed strictly. 4 Dane's Abr. 164 § 9. The Court cannot make a will, or interpret by an arbitrary construction, nor take into their consideration any subsequent alteration of events. 4 Dane's Abr. 503 § 6. The lessors of the plaintiff, although minors, are bound by conditions in wills as other persons. 1 Bac Abr. 401; 4 Bac. Abr. 413; 4 Dane's Abr. 162 § 3. Conditions when attached or annexed to real estate, are not *in terrorem*. But their conditions precedent or subsequent take place. 4 Bac. Abr. 411, 12, 13, 14; 4 Dane's Abr. 302–6.

W. J. GATEWOOD and H. EDDY, for the appellees, cited 2 Eq. Abr. title *Conditions*, 213; Prec. in Chan. 562; Atk. 363.

There being no limitation over in the devise, such a condition as that contained in the will, is only *in terrorem* : *Secus* if there had been a limitation over, for in such a case a court of equity cannot interpose. 2. Frem. Rep. 10, 119.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *ejectment* to recover the possession of the S. E. qr. of Section 14, in T. 8, S. R. 6 East. The lessors of the plaintiff claimed the land under the will of John Brown, who devised the lands named in his said will, as follows, viz: " First, I give and bequeath to my well beloved wife, Sarah, the following quarter section of land, viz: The South East quarter of Section Eleven, in Township 8, South of Range 6 East. Also the South East quarter of Section Fourteen, in Township 8, South of Range 4 East, in the lands sold at Shawneetown, for her to have the benefit and profit of the farms and improvements that are on both quarter sections, during her natural life; and at her death to descend to her heirs, except the South East quarter of Section Fourteen, which is given equally to two infant children that are now living with us, named and called Nancy Bramblet and Betsey Bramblet, daughters of Benjamin and Polly Bramblet. This land is given to the aforesaid Nancy and Betsey, if they should continue to live with my wife, and are bound to her and continue to live with her until married. And further, should both or either of them marry with my wife's consent, they are authorized to settle and improve on the aforesaid South East quarter of Section Fourteen; but my wife is to have the benefit of the present improvements during her natural life." The defendant claimed title under the recited clause in the will, and this portion of the will is all that the respective parties assert their claims under. The jury found a verdict for the lessors of the plaintiff.

The defendants in the Court below, assign for error the following causes :

1. That the Circuit Court admitted improper parol testimony to go to the jury, on the part of the plaintiff's lessors.

2. That it rejected proper parol evidence, offered on the part of the defendants.

3. That the verdict of the jury was contrary to law and the evidence.

The points made will be considered in the order they are stated. It appears from the evidence embodied in the bill of exceptions, that the will of the testator was executed on the 1st of March, 1830; and that he died on the 12th day of the same month; that his wife, Sarah Brown, was feeble and infirm, and

died in May, 1832. That the lessors of the plaintiff offered in evidence the declaration of Sarah Brown, as to her inability to receive and take charge of them, and did not desire to have them; and of her removal to Kentucky without them, where she died. That the lessors were at the time infants of tender age, not more than 8 or 9 years old. This is the substance of the testimony objected to under the first point as inadmissible. There can be no doubt that the testimony was proper to show that that portion of the will which made the estate, created in the lessors of the plaintiff, depend on the condition of their living with Sarah Brown, and being bound to her, had been dispensed with by Sarah Brown; and therefore the performance of those acts as conditions precedent to their taking the estate, was by no means necessary to the perfection of such estate.

On the second point made, the offer to give in evidence the declaration and acts of Nancy Brown, that the children should not live with, or be bound to, Sarah Brown, was wholly irrelevant, being the declaration and acts of a third person, and was properly rejected.

The last point made necessarily involves the construction of the will of the testator, and upon that construction must depend the tenableness of the objections, that the verdict and recovery of the lessors of the plaintiff, is not justified by the evidence. It is admitted that the language of the will is by no means free from obscurity, owing to its peculiar phraseology, and the seeming incongruities of its several parts; still it is a settled judicial maxim, that when the court can fairly ascertain the real intention of the testator, and give effect to the several parts of the will, without rendering any component part inoperative, it is bound so to do. It is believed that in the present case, that maxim can be justly applied. If there should be an adherence to the literal interpretation of the first devise in the will, it is evident that the testator created an estate for life in both the quarter sections described, in favor of his wife, with a remainder over to her heirs; but after having done so, he then excepts Section 14, being one of the two named, from the operation of this devise, and devises it to the lessors of the plaintiff, upon the condition, *" that they should continue to live with his wife, and be bound to her, and live with her until they are married."* Now this second devise of the same land evidently operated on and destroyed the first, as it relates to Section 14, and it gave this Section *in presenti* upon a condition which might, or might not, be performed. The performance would first depend on the consent of his wife, for unless she consented to the lessors' residing with her, and being bound to her, it is evident that they could not perform either part of the condition. Doubtless the testator was desirous that they, being then of tender age, should continue under the

care and protection of his wife; and to effectuate that object
more certainly, he designated the mode he supposed most likely to
accomplish it; but it is seen that both the living and the inden-
turing of the lessors, was prevented by the voluntary act of the
wife, for whose benefit it may be supposed, the condition was
also in some measure originally created; and the more so, as
when they became of more mature age, the testator must have
supposed that they would be of great service to her. The
accomplishment of this object, is, however, eventually defeated
by the death of Sarah Brown, the wife of the testator, and there-
upon the condition annexed to the creation of the estate, in the
lessors of the plaintiff, became an impossible condition to be
performed, and consequently the lessors take the estate given,
without the condition thus rendered nugatory. That estate,
however, is but a life estate, to take effect on the death of testa-
tor's wife, there being no words of inheritance or perpetuity
contained in the devise, and such words being indispensable to
make a fee. The verdict then was neither against law nor evi-
dence. The judgment of the Circuit Court is to be affirmed with
costs.

*Judgment affirmed.*