**Wheeling.**

### JONES *et al v.* C. & O. R. R. Co.

Decided December 21, 1878.

1878
Special Term.

1. Whether a condition contained in a deed is a condition precedent or subsequent, is a question of intention in the grantor, to be gathered from the whole instrument.

2. But whether the condition be precedent or subsequent, if the act of the party who imposed the condition makes its performance impossible, or unnecessary, the condition is no longer binding, and the estate conveyed by the deed, in which it is contained, is discharged therefrom.

3. A general verdict for the defendant in an action of ejectment, if warranted by the evidence, is proper; and no disclaimer is necessary to its validity, although much more land was described in the declaration, than the defendant had in possession at the commencement of the action.

Writ of error and *supersedeas* to a judgment of the circuit court of Kanawha county, rendered on the 10th day of June, 1876, in an action in ejectment in said court then pending, wherein William A. Jones and others were plaintiffs, and the Chesapeake and Ohio Railroad Company was defendant, awarded on the petition of said plaintiff.

Hon. Jos. Smith, judge of the seventh judicial circuit, rendered the judgment appealed from.

JOHNSON, JUDGE, furnishes the following statement of the case:

In October, 1874, the plaintiff brought an action in

ejectment against the defendant, claiming in fee a tract of fifty acres of land. The defendant was in posesssion of a small strip of said land under a right of way, as it claimed, purchased of J. W. Huffard, one of the vendors of the plaintiff. The defendant appeared and pleaded "not guilty;"and a general order of survey was made in the case, which was executed, and appears in the record.

At a subsequent term, on the 3d day of July, 1876, the case was submitted to a jury, which returned a general verdict for the defendant. A motion was made for a new trial; and the defendant, by its attorney, thereupon "disclaimed all right or title to any portion of the premises described in the plaintiff's declaration, except the strip of land, &c.," the said strip was the land occupied by the road for its road-bed, &c. ; and the court overruled the plaintiff's motion for a new trial, and rendered judgment against the plaintiffs for costs.

The plaintiffs took a bill of exceptions containing all the evidence and facts proved at the trial, by which it appeared, that the plaintiffs offered in evidence a deed to the fifty acres of land described in the declaration, executed on the 25th day of April, 1871, by J. W. Huffard and wife to the plaintiff W. A. Jones; Said deed was acknowledged on the 26th day of the same month, and on the 28th day of that month was admitted to record; also a deed of trust from said W. A. Jones and wife to E. B. Knight, trustee for the same land, to secure a certain debt therein mentioned, executed on the 26th day of April, 1871, and shortly after admitted to record; also a deed to Peter Fontaine, trustee, for the same land, to secure certain debts therein mentioned, executed by said Jones and wife on the 10th day of October, 1873, and acknowledged by said Jones, and admitted to record on the 15th day of October, 1873; also a partition deed between the heirs of Samuel Hudson executed in April, 1867, by which the said fifty acres were conveyed to Mary W. Hudson, now the wife of J. W. Huffard; also the reports and plats of the surveyor made in the case.

1878
Special Term.

Jones *et al.*
v.
C. & C. R. R. Co.

The plaintiff also proved, that Mary Huffard was the wife of J. W. Huffard, and the daughter of Samuel Hudson; that the said tract of fifty acres was a part of the tract of land, on which said Hudson lived from 1838 to the date of his death in 1867; that in the devise of his estate the said fifty acres fell to, and was allotted to, said Mary, who married J. W. Huffard in the fall of the year 1867, and that children were born to them during said marriage, and that the oldest of said children was seven years of age.

The plaintiffs also proved, that the defendant was at and prior to the institution of this suit in possession of a part of said tract of fifty acres, designated by certain letters on the plat of the surveyor.

The plaintiffs also proved, "that William Thompson of Kentucky in 1869 boarded with James W. Huffard, and then had a contract for the purchase of the said fifty acres of land from Huffard, but that it fell through, and that said Huffard resided on said fifty acres in 1869 and prior thereto, and up to the time that he sold to Jones, when Jones moved on said tract.

The plaintiff also proved, that the fifty acres of land, assigned to Mary Hudson, was the same land conveyed by Huffard and wife to W. A. Jones, and subsequently by Jones to Knight, as trustee, and to Fontaine, as trustee.

The defendant gave in evidence a deed from J. W. Huffard to the Chesapeake and Ohio Railroad Co., dated October 14, 1869, acknowledged on the same day, and admitted to record on the 5th of April, 1870. This deed conveyed to the defendant the right of way through said fifty acres, and contains the following clause: "It is understood, that inasmuch as the party of the *second* part has contracted to sell his land aforesaid to William Thompson of Kentucky, the right of way to build the said railway must first be procured from the said Thompson, otherwise this deed is to be void;" also the further clause: "it is understood that the said railway is to be built on the line lately surveyed by D. L. Ruffner."

It was proved by the defendant, that its railway through the said fifty acres of land was constructed on the line surveyed by said Ruffner; that $3,000.00 had been expended by said company in constructing its railroad through said fifty acres, which part is separated from the residue by a fence built by defendant; that the grading of said road through said fifty acres ·was commenced in May, 1870, and the laying of the track through the same was completed in June, 1871; and that the trains of cars of defendant commenced running through said tract of fifty acres in July, 1871, and have continued running through said land ever since. The defendant also proved, that James W. Huffard and Mary his wife were still in life.

And these, says the bill of exceptions, were all the material facts proved in the case. Whereupon the counsel for defendant moved the court to instruct the jury as follows:

" 1st. The court instructs the jury, that if James W. Huffard married Mary W. Hudson in the year 1867, and if at that time the said Mary W. Hudson was seized of an estate in fee in the lands in controversy, then by virtue of such marriage the said Huffard at the time thereof became vested with an estate for the joint lives of said Mary and himself in the said lands, which estate was not divested or impaired by virtue of any subsequent legislation. And if there was issue by such marriage, then the estate of the said James W. Huffard in said land would become enlarged to an estate for the life of the said James W. Huffard.

"2d. The deed from James W. Huffard to the defendant in this action contains after the grant the following:

"' It is understood, that inasmuch as the party of the second part has contracted to sell his land aforesaid to · William Thompson, of Kentucky, the right of way to build the said railway, must first be procured from the said Thompson, otherwise this deed is to be void.'

" Respecting this provision of the said deed the court

1878
Special Term.

Jones et al.
v.
C. & O. R. R. Co.

instructs the jury, that if they believe from the evidence, that the contract therein referred to, between James W. Huffard and William Thompson, has been consummated, then such provision constitutes a subsisting and binding part of said deed; but if on the other hand they believe from the evidence that the said contract has failed and been abandoned by the parties thereto, and that by the act of the said Huffard the said Thompson has no longer any interest in said lands, then such provision can have no force whatever.

"3d. That it is not necessary to the validity of the deed from Huffard to the Chesapeake & Ohio Railroad Company, that said deed should be signed by the company. That the deed is well executed, if the same is signed and sealed by the said Huffard, and by him delivered to the said company.

"4th. That if the defendant had only received a conveyance of the right of a way over the land in controversy from James W. Huffard, and the said Huffard was only seized of a life-estate in said land by virtue of his marriage, then the title of the defendant ceases at the termination of said life-estate. And the statute of limitations will not commence to run in favor of the defendant until after the said life-estate terminates."

To the giving of which instructions and each of them the plaintiffs objected, and moved the court to give the following instructions:

"1st. If the jury believe from the evidence, that J. W. Huffard entered into a contract with defendant on the 14th October, 1869, in these words, to-wit: (This contract, or deed, will be found on page 28 of this record), and that said Huffard had intermarried with Mary W. Hudson, his then wife, who had inherited this land from her father, Samuel Hudson; and that afterwards, J. W. Huffard and wife on the 25th April, 1871, conveyed all this land by deed to William A. Jones; and that the condition named and set out in the contract of the 14th October, 1869, was never complied with, and the right of

way to build said railway on said land was never procured from said Thompson, then the plaintiffs are entitled to recover in this action. .

"2d. If the jury believe from the evidence, that the defendant failed to get from William N. Thompson a right of way through the land in controversy under their contract with Huffard before said Huffard and wife conveyed said land to Jones, then the plaintiffs have the right to recover in this action.

" 3d. If the jury believe from the evidence, that the contract of sale made by Huffard to Thompson, and referred to in the deed from Huffard to the Chesapeake and Ohio Railroad Company, failed by the act of the said Thompson, then the provision in said deed, making it null and void, is in full force, and the plaintiffs are entitled to recover in this action.

"4th. If the jury from the evidence believe, that on 25th April, 1871, J. W. Huffard and Mary, his wife, by proper deed of record conveyed the land in controversy in fee to plaintiff, W. A. Jones, that by such conveyance both Huffard and wife parted with all interest in said land of whatever kind, the death of J. W. Huffard thereafter happening would not revive in Mary W. Huffard any right in said land."

The court gave all the instructions asked for by the defendant, and refused to give each and all the instructions asked for by the plaintiffs.

The jury having found for the defendant, the plaintiffs moved the court to set aside the verdict as contrary to the law and the evidence. The court upon consideration of said motion decided to grant the same, unless defendant entered a disclaimer of record as to forty-nine acres of the said land specified in the declaration, and lying outside of the line A B C D A on the surveyor's plot, which was the land occupied by the defendant for its road-bed, &c., which disclaimer the defendant thereupon offered to enter, and to the entering of which the plaintiffs objected; but the court overruled the objection,

and permitted the said disclaimer to be entered of record, which was done; and thereupon the court overruled the motion for a new trial. To all of which opinions and rulings of the court the plaintiffs excepted; and their bill of exceptions was signed by the court. To the judgment rendered in the case the plaintiffs obtained a writ of error.

*T. B. Swann,* for plaintiffs in error, cited the following authorities:

4 U. S. Dig. p. 531, §1485; *Id.* p. 557, §2026; Code p 445, §15; Cooley Const. Lim. 360, 361; 4 Kent's Com. 29.

*T. L. Brown,* for plaintiffs in error, cited the following authorities:

1 Greenl. Cruise 467; 1 Lom. Dig. 262, 270, 273; 4 Kent's Com. §125; 7 Gratt. 173; 21 Wall. 63; 9 Wheat. 325; Tuck. Com., book 2, p. 97; 2 Min. Inst. 237, 240; Black. Com., book 2, p. 154; 2 Chit. Cont. 1086; 2 M. & W. 786, 790; 2 Scott 703, 710; 3 Rob. New Pr. 571, 581; Shep. Touchs. 375-377; 2 Rob. New Pr. 59; 12 Gratt. 595; 5 Wend. 532; 1 Br. Dig. N. Y. 539; Clarke Ch. 174; 12 Leigh 479; 18 Gratt. 808; 4 W. Va. 51; 6 W. Va. 110-120; 6 Pet. 210.

*Quarrier and Hogeman,* for defendant in error, relied on the following authorities:

12 Pet. 420; 4 Wall. 399; 4 Munf. 382; 6 Munf. 433; 2 Rand. 552; Tyler on Ejectment 592, 584; Code Va., 1860, ch. 135, §35; Code W. Va., ch. 90, §35; *Id.* ch. 93, §16; 49 N. H. 374; 97 Mass. 208; 3 Mason 102; 23 La. Ann. 165; 4 Ad. & E. 91; 19 Barb. 461; 47 Barb. 196; *Id.* 515; 64 Penna. St. 425; 36 Cal. 462; 12 Pick. 198; 1 Cush. 137; 2 Miss. 19; 24 Iowa 441; 5 Minn. 215; 6 N. Y. 203; 1 Lom. Dig. 273; 6 Pet. 745; 2 Ill. (1 Scan.) 276; 4 Cow. 39; 1 Com. 96; Cooley Const. Lim. 360; 46 Ill. 297.

JOHNSON, JUDGE, delivered the opinion of the Court:

As most of the questions for adjudication in the record are presented by the instructions given and refused, we will consider the instructions in their order, beginning with those asked for by the plaintiff, and refused by the court.

The first instruction was properly refused, as among other reasons it ignores the fact, that the condition therein referred to may have been waived by the grantor in the deed, or by the act of said grantor it might have been impossible, or unnecessary, to comply therewith.

The second instruction, "that if the jury believe from the evidence that the defendant failed to get from William Thompson a right of way through the land in controversy under its contract with Huffard, before said Huffard and wife conveyed said land to Jones, then the plaintiffs have the right to recover," was properly refused, for the reason above stated, that it does not negative the fact, that Huffard by his own act made it unnecessary to comply with the said condition.

The third was properly refused. It is: "If the jury believe from the evidence, that the contract of sale made by Huffard to Thompson, and referred to in the deed from Huffard to the Chesapeake & Ohio Railroad Co., failed by the act of Thompson, then the provision in said deed making it null and void is in full force, and the plaintiffs are entitled to recover in this action." The instruction was calculated to mislead the jury, because there is no evidence in the record even tending to prove, that the contract fell through more by the act of Thompson than Huffard.

The fourth instruction should have been refused, as it was, because it would have been manifestly improper for the court to have instructed the jury what right Mary W. Huffard would, or would not, have in the land after the death of her husband, as such an instruction was not rele-

66

vant to the case on trial, and tended to confuse, if not mislead the jury.

There was no exception taken to the giving of the first instruction asked for by the defendant; and it seems to me it is free from objection.

The second of said instructions given to the jury, after stating the condition of the deed, as follows: "it is understood, that inasmuch as the party of the *second* (meaning *first*) part has contracted to sell his land aforesaid to William Thompson of Kentucky, the right of way to build the said railway must first be procured from the said Thompson, otherwise this deed is to be void," proceeds: "respecting this provision of the said deed the court instructs the jury, that if they believe from the evidence, that the contract therein referred to, between J. W. Huffard and William Thompson, has been consummated, then such provision constitutes a subsisting and binding part of said deed; but if on the other hand they believe from the evidence, that the said contract has failed and been abandoned by the parties thereto, and that by the act of said Huffard the said Thompson has no longer any interest in said lands, then such provision can have no force whatever."

Does this instruction correctly propound the law?

The Supreme Court of the United States in *Finlay et al.* v. *King's lessee*, 3 Pet. 346, held, that "it is certainly well settled, that there are no technical appropriate words, which always determine whether a devise be on a condition precedent or subsequent. The same words have been determined differently; and the question is always a question of intention. If the language of the particular clause, or of the whole will, shows, that the act, upon which the estate depends, must be performed before the estate can vest, the condition of course is precedent; and unless it is performed the devisee can take nothing. If on the contrary the act does not necessarily precede the vesting, but may accompany or follow it, if

1878
Special Term.

Jones et al.
v.
C. & O. R. R. Co.

this is to be collected from the whole will, the condition is subsequent."

The above language of Chief Justice Marshall is certainly the law, and applies as well to a deed as to a will.

The language of the condition shows, that it was precedent, and not subsequent; and there is nothing in the deed to show that the intention of the parties was that any estate should vest, until the condition was performed. It is evident, that Huffard did not want to embarrass himself in his sale of the fifty acres to Thompson; and therefore he provided in the deed, that the railroad company should first procure the consent of Thompson to the right of way, before any estate from him would vest; but it is equally clear from said deed, that whenever such consent of Thompson was procured, or whenever it was not necessary to protect the rights of Huffard to procure such consent, then the estate would vest.

In *Jones et al.* v. *Bramblet, et al.*, 2 Ill. (1 Scam.) 276, it was held, that "if a testator annex a condition to the creation of an estate, the performance of which afterwards becomes impossible, the devisee will take the estate discharged of the condition;" the condition however in that case was a condition subsequent. But whether the condition be precedent or subsequent, if the act of the party, who imposed the condition, makes its performance unnecessary or impossible, the condition is no longer binding, and the estate conveyed by the deed, in which it is contained, is discharged therefrom. *Young* v. *Hunter* 2 Seld. 203.

It is evident from the record in the case here, that the the act of Huffard contributed to the abandonment of the contract giving Thompson any interest in the land. The plaintiffs prove, that in 1869 Thompson boarded with Huffard, "and then had a contract for the purchase of the said fifty acres of land from Huffard, but that it fell through, and that said Huffard resided on the said fifty acres in 1869, and prior thereto, and up to the time that he sold to Jones, when Jones moved on said tract." If

Syllabus 2.

1878
Special Term.

Jones *et al.*
v.
C. & O. R. R. Co.

he had a contract that was legal, and it does not appear in the record that the contract was in writing, with Thompson, he could have enforced it, but he chose to abandon it and sell the land to Jones. I think the second instruction was substantially correct, and was properly given.

The third instruction, we think, propounds the law correctly. It is certainly not essential to the validity of a deed to a railroad company, any more than to a natural person, that the grantee should sign the deed, that is, such a deed as that executed in this case to the railroad company.

The fourth instruction correctly propounds the law; and the court did not err to the prejudice of the plaintiffs in giving it. I fail to see the relevancy of the latter part of the instruction to the case before the jury. It is as follows: "And the statute of limitations will not commence to run in favor of the defendant until after the said life-estate terminates."

It is claimed, that the court erred in refusing to set aside the verdict and grant a new trial, "because the verdict gave the defendant the *fee simple* right to the one acre of land in its possession, when the evidence showed that the said defendant claimed only the *life-estate* of

Syllabus 3

James W. Huffard in the said one acre of ground." The learned counsel making the objection, is entirely mistaken as to the effect of the verdict. It was not to establish the right of the defendant to the land; because the defendant, according to the well settled law, could as well have defeated the plaintiffs by showing an outstanding title in some other person than the plaintiffs, as to show that it had the title in itself. The plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of the title of his adversary. The declaration asserts, that the defendant unlawfully withholds from the plaintiffs the possession of the premises. The verdict says it does not.

Section 23 of chapter 90 of the Code provides: " If

the jury be of opinion for the plaintiffs, or any of them, the verdict shall be for the plaintiffs, or such of them as appear to have right to the possession of the premises or any part thereof, and against such of the defendants as were in possession thereof, or claimed title thereto, at the commencement of the action."

Section 24 declares: "Where any plaintiff appears to have no such right, the verdict, as to such plaintiff, shall be for the defendant."

The verdict in this case was in strict accordance with the 24th section. The plaintiffs did not appear to have any right to the possession of the land in possession of the defendant at the commencement of the action, and therefore the verdict for the defendant was proper. The verdict was proper in the form it was rendered: "We, the jury, find for the defendant." It was a general verdict of not guilty; and there was no need of a disclaimer; there was nothing for the defendant to disclaim. It had recovered nothing. It had prevented the plaintiffs from recovering from it the little strip of ground over which it claimed the right of way.

While the disclaimer was unnecessary, its being entered of record did no injury to the plaintiffs.

It is objected, that the deed of Huffard to the railroad company is too vague and indefinite in its description of the land referred to therein. It is a sufficient answer to this objection, that the deed was admitted in evidence to the jury without objection.

We see no error in the judgment of the circuit court rendered in this case and the same is affirmed with $30.00 damages and costs.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.