(Decided January 6th, 1897.)

---

MARION DeKALB SMITH, Receiver, vs. JOSEPH
RASIN and Others.

*Landlord and Tenant—Leases—Provision for Termination Before*
*End of Term by Notice—Appointment of Arbitrators to De-*
*termine Damages—Conditions.*

A lease of a term provided that it should continue for fifteen years, unless sooner determined by the lessors as therein provided, and that at the expiration of ten years of the lease, between December 1st and December 31st, 1895, the lessors should have a right to give notice to the lessees of their desire to terminate the lease and repossess the farm, and that thereupon the lease should be terminated in the following manner : Each party shall select one good and impartial citizen, and these two shall call in a third, and these three shall meet on the premises, and inquire what damages, if any, shall be paid by one of the parties to the other in consideration of the termination of the lease, and said award shall be final and paid by the

parties so directed to pay the same within ninety days thereafter; and the lessees shall remove from the farm on or before December 31st, 1895, without further notice. In October of the tenth year, the lessors notified the lessees of their desire to terminate the lease on December 31st, 1895, and such notice was accepted as if given in conformity with the lease, between December 1st and December 31st. Each party selected an arbitrator, but no arbitration took place because the parties selected failed to agree on the third. *Held,*

1st. That it was not a condition precedent to the termination of the lease that there should be an arbitration and award of damages, but the lease was terminated by the notice.

2nd. That the lease clearly reserved to the lessors a power to terminate the same, and this power was not made dependent upon the action of the lessees in appointing an arbitrator, or upon the agreement of the arbitrators.

3rd. That the intention of the parties was that the lease should terminate upon the giving of the notice, and the object of the arbitration was to afford a speedy method of determining what should be paid by one party to the other in consideration of the termination, and such adjustment could be made as well after as before the end of the term.

Appeal from the Circuit Court for Queen Anne's County. A bill was filed by the appellant, as administrator of John A. Groves, late of Kent County, setting forth that the decedent in his life time received from the appellees (defendants) a lease of a farm on Wye Island for fifteen years, and entered into possession, planting upon the demised premises about 24,000 peach trees; that the lease contained the provision relating to its termination, which is stated in the opinion of the Court; that the defendants claimed a right to the present possession of the farm, under the notice referred to in the opinion, and that a serious conflict was imminent between the servants of the plaintiff and the servants of the defendants. The prayer of the bill was for the appointment of a receiver, and for an injunction restraining the defendants from interfering with the servants of the plaintiff. The appellant was appointed receiver, and an injunction issued as prayed. Afterwards an agreement was made that the Court should pass a *pro forma* decree " in which the simple question shall be decided whether or not, under the pro-

visions of the lease, the arbitration for the purpose of assessing damages is a condition precedent to the termination of the lease; it being admitted that the written notice was served on the lessee by the lessors in October of the tenth year of the lease, of their desire to terminate the lease on the 31st day of December thereof, 1895; it being admitted that no arbitration took place, although each party selected an arbitrator, they being unable to agree on the third party. The notice given in October, it is admitted, was accepted as if given between the 1st and 31st of December of said year in conformity with the lease." Upon this agreement a *pro forma* order was passed dissolving the injunction and discharging the receiver.

The cause was argued before McSherry, C. J., Bryan, Fowler, Page and Boyd, JJ.

The cause was submitted for the appellant upon brief filed by *John B. Brown, E. H. Brown* and *Harrison W. Vickers.*

*James P. Gorter* (with whom was *Hope H. Barroll* on the brief), for the appellees.

Page, J., delivered the opinion of the Court.

The determination of this appeal from the *pro forma* decree of the Court below, depends upon the proper construction of a provision in a lease of a farm in Queen Anne's County from the appellees to John A. Groves. The term was for a period of fifteen years from the first day of January, 1886, "unless sooner terminated by the parties of the first part, as hereinafter provided for." The precise terms of the provision on which the contention arises are as follows : "And it is mutually understood and agreed between the parties hereto, that at the expiration of the tenth year of this lease, between the first day of December and the thirty-first day of December, 1895, it shall be, and is the right and privilege of the parties of the first part, the survivor of them, or their or either of their heirs, executors or administrators.

to give notice in writing to the said party of the second part, or his personal representatives, that it is the desire of the parties of the first part to terminate this lease and to repossess the farm or plantation aforesaid, and thereupon this lease may be terminated in the following manner, each party, or their heirs or personal representatives, shall select one good impartial citizen of Kent or Queen Anne's County, and these two shall call in a third citizen of one of said counties, and these three shall meet on the premises, and inquire and determine what damages, if any, shall be paid by one of the parties thereto to the other in consideration of the termination of this lease at the time ; and said award shall be final between the parties and shall be paid by the parties so directed to pay the same within ninety days after such award is reduced to writing, signed by the referees, and a copy of the award delivered to each of the parties hereto. And the said party of the second part shall quit and remove from said farm and plantation, on or before the 31st day of December, 1895, without further notice thereof."

It is agreed between the parties, that notice was served on the lessee by the lessors in October of the tenth year of the lease, of their desire to terminate the lease on the 31st of December, 1895, and that such notice was accepted as if given between the first and the thirty-first of December in conformity with the lease ; and also, that no arbitration took place although each party selected an arbitrator, the persons so selected having failed to agree on a third.

The question presented for our decision is whether under these circumstances the lease was terminated, or whether the provision requires as a condition precedent to its termination there should be an arbitration and award of damages. " In order to clear this point," said ASHURST, J., in *Hotham v. The East India Co.*, 1 T. Rep. 645, " I would first premise that there are no precise technical words required in a deed to make a stipulation a condition precedent or subsequent ; neither does it depend on the circumstance whether the clause is placed prior or posterior in the deed, so that it

operates as a proviso or a covenant. For the same words have been construed to operate as either the one or the other, according to the nature of the transaction. The merits of the question, therefore, must depend on the nature of the contract, and the acts to be performed by the contracting parties, and the subsequent facts disclosed on the record, which have happened in consequence of this contract." In *Worsely* v. *Wood,* 6 T. R. 718 (cited by the appellee), LORD KENYON, referring to *Hotham's case,* said, that what was a condition precedent was therein well expressed. In *Watchman* v. *Crook,* 5 G. & J. 256, the Court laid down the principle, " that conditions are to be construed to be either precedent or subsequent, according to the fair intention of the parties, to be collected from the instrument, and that technical words (if there be any to encounter such intention, and there are none in this case) should give way to such intention." *Shinn* v. *Roberts,* 20 N. J. Law, 447 ; *Jones* v. *C. & O. R. R. Co.,* 14 W. Va. 514 ; *Dalrymple* v. *Lauman,* 23 Md. 399 ; *Finley et al.* v. *King's Lessee,* 3 Pet. 346.

Now it seems to be clear that the parties to the lease intended that the lessors should have the power to terminate the lease. The clause fixing the term expressly so declares ; and the only limitation upon the exercise of this power, is that it must be done by them as therein afterwards provided. It may, therefore, be premised, that if the mode and manner in which the lessors are to terminate the lease be made to depend not only on the action of persons whom the lessors had or could have no control over, but also upon the voluntary conduct of the lessee, then the phrase " unless sooner terminated by the parties of the first part as hereinafter provided," becomes wholly meaningless. By mutual agreement the parties could at any time end the term ; and if the power given to the lessor can only be exercised when the lessee chooses, to do an act, such as the appointment of an arbitrator, the situation is precisely the same as if no power to terminate had been conferred on

the lessors.   The provision we have quoted prescribes the method by which the lessors may terminate the lease.   Between the first and thirty-first of December of the tenth year they are to have " the right and privilege to give notice to the lessee, that it is their desire to terminate the lease and repossess the farm," and thereupon it becomes the duty of each of the parties to the lease to name an arbitrator. What the lessors are to do, therefore, is to give the notice ; and such notice is effective to terminate the term.   The arbitration is provided, to determine and adjust accounts between the parties.   The appellant contends that the notice cannot end the term, because of the words " thereupon this lease may be terminated in the following manner," followed by the provision for the arbitration.   If this were so, the lessors, as has already been said, would have absolutely no power to terminate the lease, and many other events would have to happen before that result could be accomplished. First, the lessee might decline to select an arbitrator ; then if two arbitrators were obtained, they might refuse to select a third ; and finally if the board were completed, it might neglect or refuse to meet on the premises and make the award.   What is it, however, the arbitrators are to do?   It is stated in the lease, " to inquire and determine what damages, if any, shall be paid by *one* of the parties hereto to the other in consideration of the termination of this lease at the time."   Now, what time is referred to ?   Obviously the time at which the lessee promises by a subsequent clause, to quit and remove from the premises, that is to say on the thirty-first day of December, 1895.   Thus by the very terms providing for an arbitration, it is contemplated that by the notice the term is to end at that period.   Moreover if the term is to end, only on the delivery of the award, it is difficult to perceive why that result should not be postponed until the period for the payment of the money found to be due by the arbitrators has arrived, that is, until ninety days after the award has been reduced to writing and delivered. If this were so, a curious result would ensue.   The notice

by the lessors may be given at any time between the first and thirty-first day of December. Suppose it was given on the thirtieth; a sufficient time must elapse before the board of arbitration could be obtained; still further time before the award could be made; and should the award be against the lessee, there would yet remain ninety days before the term would terminate. And this would be the case, although by the next clause the lessee has covenanted to remove on or before the thirty-first day of December without further notice. We do not think the parties contemplated such a result as this. It is far more reasonable, that it was intended the lease should terminate on the giving of the notice, at the end of the year, and the arbitration was to afford a speedy method of determining what should be paid by the one to the other in consideration of the termination at that time. No reason can be assigned why such an adjustment could not be made as effectively for either party after as before the end of the term. The lessors could no more object to the entry on the premises by the arbitrators after the term ended, than could the lessee while he was in possession. No lien would be lost or advantage gained by either party in either case. The provision was not inserted, especially for the benefit of either. It does not contemplate which of them would prove to be the debtor to the other. It is in fact as we have said nothing more than an agreement by which possible differences between the lessors and lessee may be promptly settled, and if it proved there were no such differences, the provision would become entirely useless.

*Decree affirmed with costs.*

(Decided January 6th, 1897).