# CHARLESTON.

TAYLOR v. RUSSELL.

Submitted June 8, 1908.   Decided May 4, 1909.

1. EJECTMENT—*Title to Support.*
   Except under special circumstances a plaintiff in ejectment must for recovery have legal title and right to possession. An equitable title will not do. (p. 632.)

2. SAME—*Evidence.*
   A plaintiff in ejectment must recover upon the strength of his own title, not the weakness of the defendant's title. (p. 635.)

3. VENDOR AND PURCHASER—*Executory Contract—Title Acquired.*
   Character of right conferred by an executory contract for sale of land discussed. (p. 634.)

Error to Circuit Court, Tyler County.

Action by W. T. Taylor against Frances Russell.  Judgment for defendant, and plaintiff brings error.

*Affirmed.*

DAVE D. JOHNSON, for plaintiff in error.

S. BRUCE HALL, for defendant in error.

BRANNON, JUDGE:

W. T. Taylor brought an action of ejectment in Tyler county against Frances Russell to recover a lot of land in the town of Sistersville.  The case was tried by the court on agreed facts, and the court gave judgment for the defendant, and Taylor sued out a writ of error.

Taylor showed no right but a right under an agreement selling him the lot, and stipulating for a future conveyance of the legal title on payment of deferred purchase money, which agreement was made with Josephine B. Stone and others.  He showed no legal, but only an equitable, title.  That fact alone bars Taylor from recovery, because it is a settled rule in this state, and in Virginia, that a plaintiff in ejectment must have legal title.  No matter whether he claims for years or life or in fee, it is a hard and fast general rule, except under special circumstances, that he must have legal title; a mere equity will not

do.   *Chapman* v. *Coal & Coke Ry Co.*, 54 W. Va. 193.   There
we find it stated in quotation from *Witten* v. *St. Clair*, 27 W.
Va. 770, that "To enable the plaintiff to sustain this action it
is essential that he be clothed with the legal title and right of
possession at the time the action is instituted.   The plaintiff
must always in the first instance make out a legal and pos-
sessory title to the premises in controversy."   *Suttle* v. *R. R.
Co.*, 76 Va. 284; 2 Am. & Eng. Ency. L. 10, 482.   There we
find also the rule:   "A plaintiff in ejectment must at the time
of instituting his action, and at the time of its trial, have legal
title to the land he sues for."   17 Cent. Dig. 1960; Warvelle
Ejectment 244.   The Supreme Court of the United States said
in *Fenn* v. *Holmes*, 21 How. 481, 483:   "That the plaintiff in
ejectment must in all cases prove a legal title to the premises in
himself, at the time of the demise made in the declaration, and
that evidence of an *equitable* estate will not be sufficient for re-
covery, are principles so elementary and so familiar to the pro-
fession as to render unnecessary the citation of authority in
support of them."   Repeated in *Langdon* v. *Sherwood*, 124 U.
S. p. 83.   See many authorities cited in Cyclopedic Digest, Va.
& W. Va. Reports, 878.   Do we have to state this fundamental
rule over again?   A person who has a mere executory agree-
ment for the purchase of land, not a deed conveying legal title,
has a mere equitable title.   A court of law does not know such
a title.   It is only the creature of a court of equity.   A court of
law regards only the legal title as to land.   Prior to the statute
found in Code, chapter 90, section 20, the vendor by executory
contract selling land could turn out the vendee in possession
even though he had paid the purchase money or performed other
obligations resting on him under the contract.   *Williamson* v.
*Paxton*, 18 Grat. 475; *Twyman* v. *Hawley*, 24 Id. 512.   Why
so?   Because a court of law knows nothing of an equitable title
to land.   The vendor holds the only title it knows.   It will not
enforce it, except by way of an action for damages for failure
to convey, treating it as a contract calling for damages for its
breach, but not as passing any land' rights.   We find in 6 Pom-
eroy Eq. Remedy, sec. 838, this:   "The effect of a contract to
purchase is very different at law and in equity.   At law the es-
tate remains that of the vendor; and the money that of the ven-
dee.   It is not so here (in equity).   The estate from the sealing

of the contract is the real property of the vendee, it descends to his heirs. It is devisable by his will." See Warvelle on Ejectment, sec. 174. All the books tell us that in equity the vendor holds the legal title in trust for the vendee. Story's Eq., sec. 789. In fact some of the authorities go so far as to say that such a contract gives no equitable title to the land even in equity until payment of the purchase money. "The oft asserted proposition that from time of the contract for the sale of land the vendor as to the land becomes a trustee for the purchaser, and the latter as to the purchase money becomes a trustee for the vendor, who has a lien upon the land, while fully expresing the rule of equity in general application, it is nevertheless subject to some qualification. * * * * The essential feature of an equitable title is that it is one which appeals to equity for confirmation and enforcement. Hence a mere contract or covenant to convey at a future time, on the purchaser performing certain acts, does not create an equitable title. It is only when the purchaser performs or tenders performance of all the acts necessary to entitle him to a deed that he has an equitable title and may compel a conveyance. Prior thereto he has, at best, only a contract for the land when he shall have performed his part of the agreement." Warvelle on Vendors, sec. 176. This is held in *Chappell* v. *McKnight*, 108 Ill. 570, upon reputable authority. Strictly speaking it is not far wrong. At any rate, until a deed is made executing a contract the vendee has no title in a law forum. This is so true that a vendee, unless the contract otherwise provides, cannot enter into possession. "There is no implied authority for the vendee to enter. The facts are opposed to the idea that he is to come into possession of the consideration before he has complied with the contract. When the contract is silent as to the possession of the land it remains with the vendor. The vendee if in possession, unless the contract authorize it, is a mere license until he has performed the contract and is entitled to a conveyance." So states Newell on Ejectment, 157, upon many authorities. Warvelle on Ejectment says the same in section 145. This, though not so material here, goes to sustain the proposition that an equitable title will not sustain ejectment. Our own case of *Supervisors* v. *Ellison*, 8 W. Va. 308, holds that a vendee in an executory contract of purchase cannot maintain an action of unlawful detainer against

the vendor for possession of the premises. So clear is it that an equitable title will not do in ejectment that it has been generally held that it is not even color of title for adverse possession, as will appear in *McNeely* v. *South Penn.*, 52 W. Va. 616, and *Lewis* v. *Yates*, 62 *Id.* 581. Under our statute it is good for defence against an ejectment by the vendor against his vendee; but not good for an action by the vendee against his vendor. Between them it is a weapon of *defence*, but not of offence. As to strangers much less is it a basis for ejectment by its owner. Warvelle on Ejectment, sec. 151, says that a vendee differs essentially from a tenant and that the relation between the parties is not that of landlord and tenant.

This lot was sold under decree and purchased by Thorn, and by him taken possession of, and he conveyed to Frances Russell and she went into actual possession. The decrees of sale and confirmation were reversed. Counsel say that makes void the title under the judicial sale. Suppose for argument that that title no longer exists. That is immaterial here, because the plaintiff has not shown title to recover in ejectment, and no matter what the title of the defendant, she is in actual possession, and it is a fixed rule that the right of plaintiff to recover rests upon the sufficiency of his own title, and not upon the weakness of the defendant's title. *Witten* v. *St. Clair*, 27 W. Va. 762.

It will not do for the defendant's counsel to sustain this action upon such cases as that just cited and *Tapscot* v. *Cobb*, 11 Grat. 182. They say that when one in possession actual is entered upon and ousted by a mere intruder or trespasser, who has no color of title or authority to enter, the party ousted may recover in ejectment on mere possession. That doctrine don't apply. There is no evidence that Taylor was ousted by an intruder. When Thorn entered he entered under a deed made under judicial sale, not yet affected by reversal. Entered peaceably. There is no evidence that he physically ousted or intruded upon the possession of Taylor. Taylor was not then in actual possession. The principle just stated applies only where there is one in actual possession intruded upon wrongfully by one having no shadow of title. It does not apply to parties having competitive rights or title, where the question is which is the better title. The *Witten case* and the *Supervisor's case, supra,* repel this claim to recover.

So, for want of legal title the plaintiff cannot recover. The defendant's right is not in question, and we therefore affirm the judgment.

*Affirmed.*