# CHARLESTON.

## COOK *v.* CHESAPEAKE & OHIO RY. CO.

Submitted September 8, 1911.   Decided April 2, 1912.

APPEAL AND ERROR—*Review—Conflicting Evidence.*

   A verdict founded upon conflicting oral testimony, sufficient
to sustain it, cannot be set aside, in the absence of controlling
facts or circumstances, admitted or clearly established by proof.

Error to Circuit Court, Raleigh County.

Action by J. Levi Cook against the Chesapeake & Ohio Rail-
way Company.   Judgment for plaintiff, and defendant brings
error.

*Affirmed.*

*Enslow, Fitzpatrick, Alderson & Baker,* for plaintiff in error.

*File & File,* for defendant in error.

POFFENBARGER, JUDGE:

Alleged insufficiency of the evidence to sustain the verdict is
the basis of this writ of error.

Plaintiff's mare was killed by one of the defendant's trains,
under the following circumstances:   One Acord was conducting
the mare in question and another animal belonging to another
person along a highway.   They seem to have been loose and he
riding a third horse, driving them ahead of him.   Approaching
a railroad crossing, he heard a train coming and called to one
Largen, who happened to be there, to stop them.   Largen made
an unsuccessful attempt to do so.   Plaintiff's mare crossed the
track and followed the county road, paralleling the track, while
the other took the track ahead of the train.   Strange to say, the
latter escaped and the former was killed.   At some distance from
the crossing, about 200 yards, it ran or jumped down a path on
to the track in front of the train in a cut from four to eight feet
deep.   Thus far the witnesses substantially agree, but there is
conflict as to other material facts.   According to the testimony
of the train crew, the mare was struck just where she came on
the track.   They say she fell on the track only a few feet ahead

70 W. Va.

of the train, and was struck there and pushed along the track a short distance. At least one witness for the plaintiff says her tracks show she came on the railroad about 117 feet from the point at which she was struck and ran that distance ahead of the train and along the side of the track, and he is to some extent corroborated by other witnesses. None of the plaintiff's witnesses saw the train strike her, it is true, but their lack of vision is cured by evidence one of them, at least, claims to have found upon the ground, and thus an issue of credibility for exclusive jury determination was raised, provided the train could have been stopped before it struck her. A witness having had considerable experience as a railroad man says it could, and the engine crew say it was running at a very low rate of speed, only four or five miles per hour at the time the mare came on the track. Though this is denied by plaintiff's witnesses, who say the steam was cut off at the crossing and then immediately reapplied, so as to maintain a rate of ten to fifteen miles per hour, the presence of the other horse running ahead of the train likely induced some reduction of speed. However that may be, the train was going up a two per cent. grade at a comparatively low rate of speed and a man of some railroad experience says it could have been stopped within the distance named, though running at the rate of ten to fifteen miles per hour.

The state of the evidence thus puts the verdict beyond court control and the judgment must, therefore, be affirmed.

*Affirmed.*