# CHARLESTON.

### KEENAN *v.* DONOHOE *et al.*

Submitted September 15, 1910.   Decided April 9, 1912.

NEW TRIAL—*Grounds—Insufficiency of Evidence.*

> The jury are the sole judges of the credibility of witnesses and of the comparative value of their conflicting testimony, and the court has no right to disturb a verdict, depending wholly upon such evidence, because his view of the worth of the testimony may differ from that entertained by the jury.

Error to Circuit Court, Randolph County.

Action by L. H. Keenan against Thomas Donohoe and others. Judgments for plaintiff, and defendants bring error.

*Reversed and Rendered.*

*Talbott & Hoover* for plaintiffs in error.

*Cunningham & Stallings,* for defendant in error.

WILLIAMS, JUDGE:

This writ of error was awarded upon petition of Thomas Donohoe and others, and brings up for review an order made by the circuit court of Randolph county on the 25th of November, 1909, setting aside the verdict of the jury, rendered in

petitioners' favor, in an action upon an account, for $300, brought against them by L. H. Keenan.

The sole question presented by the record for our decision is, was the trial judge justified in setting aside the verdict? We have carefully read and considered all the evidence. It consists wholly of the testimony of witnesses, and is very conflicting on all material questions. It could serve no useful purpose to recite the evidence, pro and con, in this opinion; it would only be pointing out the particular testimony in respect to which there is conflict, and that is not necessary. That the verdict rested on conflicting testimony of witnesses, is admitted by plaintiff's counsel in their brief. But they seek to demonstrate that the testimony largely preponderated in favor of plaintiff, and that, therefore, the court was justified in setting the verdict aside. No other reason is advanced in brief of counsel in support of the court's action. But it clearly appears that, in order to reach a verdict, the jury were compelled to believe some of the witnesses for one of the parties, and to disbelieve other witnesses for the other. Such a state of the evidence makes the verdict to depend wholly upon the credibility of witnesses, a matter solely for jury determination. The testimony of defendant's witnesses is ample to support the verdict, and the jury must have believed them, else their verdict would not have been as it is. The law does not permit the court to disturb a verdict depending upon such evidence. The judge has no right to set aside a verdict, because his opinion in respect to the credibility of the witnesses differs from that held by the jury. This case is peculiarly one for jury determination, and the court had no right to disturb the verdict. This principle has been frequently applied by this court, and very recently, in *McGuire, Adm'r., v. N. & W. Ry. Co.,* 70 W. Va. 538, where the rule was stated thus: "If the verdict rests upon conflicting testimony of witnesses, and there is sufficient evidence to support it, the court will not set it aside. The jury are the sole judges of the credibility of witnesses. They may believe one witness in preference to believing two, or more, who testify against him." See also *Cook v. C. & O. Ry. Co.,* 70 W. Va. 586.

It was clearly the jury's right to weigh, compare and determine the value of the conflicting testimony of witnesses, and

not the right of the court; and, the jury having found for defendants, solely upon such testimony, the court had no right to set aside their verdict. Consequently, the order of the court setting aside the verdict and awarding a new trial will be reversed, and judgment will be entered in this Court for defendants.

*Reversed and Rendered.*