## CHARLESTON.

TOLLEY *et al. v.* PEASE *el al.*

Submitted January 23, 1912.    Decided April 23, 1913.

1. BOUNDARIES—*Establishment—Judgment—Disclaimer.*
    Where in ejectment the issue is the location of the true division line between the parties, and defendant enters a disclaimer of all beyond a fixed line designated on the map of the official surveyor, upon a verdict simply for defendant the court may properly enter judgment establishing as the true division the line beyond which defendant disclaimed.    (p. 322).

2. SAME—*Establishment—Following Courses and Distances.*
    Though in ejectment parol evidence is sometimes admissible to prove marked trees which are not in the courses or termini of lines to be the true lines intended, yet where the deed plainly calls for the lines by courses and distances, and distinctly for stakes, not marked trees, as the termini thereof, and there is no such approximation thereto in the courses or the lengths of the lines sought to be established by marked trees as to war-

rant any presumption that they are boundaries of the land, the jury may properly be instructed to disregard the marked trees and to follow the courses and distances called for in the deed. (p. 323).

Error to Circuit Court, Raleigh County.

Action by C. W. Tolley and others against William Pease and others.  Judgment for defendants, and plaintiffs bring error.

*Affirmed.*

*J. E. Summerfield,* and *E. O. Phlegar,* for plaintiffs in error.

*McCreery & Patterson,* for defendants in error.

ROBINSON, JUDGE:

The action is ejectment.  Plaintiffs failed, and bring error.

The issue at the trial was reduced to a narrow one, defendants having disclaimed all beyond a line M. to E. on the official surveyor's map.   So the issue was whether that line was the true division line between the parties, or whether it was another line parallel thereto as claimed by plaintiffs.

According to the deed on which plaintiffs relied this division line was not governed in its location by natural landmarks or monuments directly on it, but must be located solely by various courses and distances calling for stakes, and running from natural objects in distant parts of the survey of plaintiffs' tract, except that one end of the line should conform to the line of an adjoinder.   Plaintiffs, however, sought to have certain marked trees recognized as controlling the boundaries, though the deed called for no such monuments, but only for stakes, in relation to the lines which plaintiffs claimed should be located by marked trees. In order to reach the marked trees several courses and distances set forth in the deed must be materially changed, thereby giving plaintiffs a much more extended boundary of land than a survey according to usual methods and rules would give them.

The testimony of the official surveyor, as well as that of two other surveyors who located the line by survey, establishes that the line M. to E. is the boundary line of plaintiffs' land according to proper survey from the calls of plaintiffs' deed.   As to this there is indeed no contradiction.

The jury found a verdict simply for defendants, but in view of

the disclaimer, that verdict virtually said that the line. M. to. E. was the true division line. The judgment entered on the verdict, recognizing that line as the true one between the parties is not erroneous, as plaintiffs insist, because the verdict did not designate the line directly. As we have said, in the light of the disclaimer entered of record the effect of the finding of the jury was to establish that line.

An instruction told the jury that plaintiffs were bound by the calls in the deed on which they relied and that in arriving at the true boundary line between plaintiffs and defendants the jury must be governed by the calls in the deed, and that plaintiffs could not change the calls in the deed to show that those calls meant something other than what was set forth in the deed, but in running the calls and lines the rules for the proper surveying of the land must be adhered to. Plaintiffs say that this instruction took from the jury all consideration of marked trees by which plaintiffs would locate the calls mentioned in the deed. They maintain that marked trees may so influence the location of lines called for in a deed as in a sense to change them from what is set forth therein. That this is sometimes true can not be denied. Under evidence properly tending to connect marked trees with the survey from which the deed was made, the instruction would be erroneous. "When a deed mentions the course and distance of a line, without any other description thereof, parol evidence is admissible to prove marked trees, not in the course or termination of that line, to be the true line intended." *Baker* v. *Seekright,* 1 Hen. & M. 177. "To pursue the proper descriptions of our land boundaries would render men's titles very precarious, not only from variations of the compass, but that old surveys were often inaccurate; and mistakes often made, in copying their descriptions into the patents; leaving out lines, and putting north for south, and east for west; and in copying those descriptions into subsequent conveyances: Whereas, the marked trees upon the land remain invariable, according to which neighbors hold their distinct lands. On this ground, our juries have uniformly, and wisely, never suffered such lines, when proved, to be departed from, because they do not agree exactly with descriptions in conveyances." *Herbert* v. *Wise,* 3 Call. 240. "In an action in ejectment parol evidence is admissible to prove that the calls for course and distance in a deed are mistaken, and do not des-

ignate the true boundary of the land intended to be conveyed." *Elliott* v. *Horton,* 28 Grat. 766. "The Virginia cases have given much weight to marked lines, corresponding in age as near as may be with the date of the deed, and in the main agreeing with courses and distances, found on the ground, though corner trees, not to be found or ascertained by evidence, are called for in the instrument, or though inconsistent with points in a plat referred to, especially if comporting with natural objects mentioned:" 2 Enc. Dig. Va. & W. Va. 585.

But in this case there is another phase to the subject. The testimony by which plaintiffs would in a sense change the lines called for in the deed does not come up to the standard of legal weight sufficient to give it such effect. The deed distinctly calls for stakes, not marked trees as controlling the location of the lines. Of course after the lapse of so many years from the date of the deed the stakes can not be found if indeed they ever were placed on the ground. Plaintiffs have no right to go to marked trees by the terms of the deed, for the deed does not call for such objects on the disputed line, and the lines leading to it in each direction from known and designated starting points. Indeed the call for stakes supports a presumption that marked tress have nothing to do with the survey. But under principles which we have quoted, plaintiffs might show by pertinent parol testimony that marked trees bore relation to the lines of the survey from which the deed was made. Yet in order to do so, other reasonable principles would have to be observed. "The mere circumstance that lines and corners are known to have been run or marked, or are found marked near where the courses and distances mentioned in the deed run, is not conclusive that they are the lines and corners of the land referred to in the deed. And when there is no such approximation in the courses or length of the lines, or the marks on the corners, to the description in the deed, as to warrant the presumption that they are the boundaries of the land to which the deed relates, such marked lines should be disregarded." *Western Mining &c. Co.* v. *Coal Company,* 8 W. Va. 406. Now, plaintiffs' claims are grossly inconsistent as to many lines with what a survey from the calls of the deed unquestionably proves. Three surveyors agree that a proper survey according to the deed locates the disputed line as M. to E. There is no evidence to the contrary. Then can this well proved location of the line from

the calls of the deed be affected by testimony in relation to other corners and marked trees which do not approximate the survey made from the deed  As to plaintiffs' claims, there is no such approximation in the courses, the lengths of the lines, or the marks on the trees, to the description in the deed as to warrant any presumption that they are boundaries of the land to which the deed relates.  Since there is no such approximation, the marked lines can not in law be regarded.  Plaintiffs' evidence, in view of what the deed calls for, is by no means sufficient to raise a presumption that the lines and corners which plaintiffs claim have anything to do with the land described in the deed.  A verdict based on that evidence could not rightly stand.  True, one of the plaintiffs testified that he was present at the survey before the deed was made and that the surveyor ran to the trees which plaintiffs claim as corners.  But he does not know that the calls then run went into the deed.  It is clear from the deed and the survey made therefrom that such survey as this plaintiff says he saw made was not used for the description in the deed. "Lines and corners may be marked with the purpose to adopt them in a contemplated deed; but afterwards the marked lines and corners may be abandoned, and mere courses and distances from certain objects or points may be substituted." *Western Mining &c. Co.* v. *Coal Company, supra.*  Plainly all that which plaintiffs rely on to throw the lines where a survey does not take them is not of the legal character to change any call of the deed. The facts proved by plaintiffs afford no legally recognized presumption that the line must be located other than where the deed locates it.  The evidence relied on by plaintiffs does not bring the case within any principle whereby a call of the deed may be controlled by marked trees or made to conform thereto.  The instruction, therefore, was not erroneous as applied to this case. Under the legal import of the evidence, it was a proper direction to the jury.

In view of the conclusion which we have reached as to the insufficiency of the testimony on which plaintiffs sought to rely, to change the plainly stated calls of the deed, it would seem that other questions raised by the assignments of error become immaterial and demand no discussion.  The judgment will be affirmed.

*Affirmed.*