# CHARLESTON.

CITY OF CHARLESTON, A MUNICIPAL CORPORATION, *ex rel* DALE
KISSEL, INFANT, ETC.

v.

FIRMAN DE HAINAUT JR., *et al.*

Submitted November 7, 1923.    Decided December 11, 1923.

1.  NEW TRIAL—*New Trial After Verdict Not Awarded, Where Evidence Conflicting.*

    A verdict will not be set aside and a new trial awarded upon the grounds that it is contrary to the evidence where the evidence is conflicting. The jury is the judge of the

weight and credit to be attached to the evidence, and it is only in cases of manifest abuse or plain departure from right and justice, that the court can interfere with the finding of a jury in such matters by granting a new trial (p. 206).

2.  TRIAL—*Failure to Instruct on Unestablished Issue Not Errone-ous.*

    Where the defendants base their defense in a personal injury case, on the negligence of the plaintiff, and there is no proof of contributory negligence upon the part of the plaintiff, the giving of an instruction, by the court, embodying the law in other respects, which fails to embody the law of contributory negligence is not error.  (p. 206).

3.  APPEAL AND ERROR—*Assignment of Error Undisclosed by Record Not Considered.*

    This court will not consider an assignment of error which is not disclosed by the record. (p. 207).

Error to Circuit Court, Kanawha County.

Action by the City of Charleston, on the relation of Dale Kissel, infant, etc., against Firman De Hainaut, Jr., and others.  An order was entered sustaining a motion to set aside a verdict for plaintiff and relator brings error.

*Reversed and verdict reinstated.*

*Lively & Stambaugh* and *Lon H. Kelly,* for plaintiff in error.

*Elmer L. Stone* and *Atkinson, Shannon & Life,* for defendants in error.

McGINNIS, JUDGE.

This is an action of debt on a bond with collateral conditions, brought in the Circuit Court of Kanawha County, by the City of Charleston for the use and benefit of Dale Kissel, an infant, by his next friend Mrs. A. J. Kissel, against Firman DeHainaut Jr., George Bays and Firman DeHainaut Sr.

The declaration charges in substance, that on the 24th day of May 1921, said Firman DeHainaut Jr. was duly and regularly rendered a permit, by the City of Charleston, to operate an automobile for the purpose of carrying passengers for hire in said city; that on the day aforesaid the said defendant, Firman DeHainaut Jr., together with sureties George Bays and Firman DeHainaut Sr., entered into a bond in the penalty of $2,500.00 to be paid to the said city, and fully setting forth the conditions of said bond; and charges that the said

Firman DeHainaut Jr., did not observe, fulfill and perform the said conditions of the said bond, and that while engaged in carrying passengers, by virtue of the permit, license and bond to operate automobiles for hire in said city; and that in said city he so negligently carelessly, wantonly and illegally, and in violation of the ordinances of said city operated said automobile in such manner as to run over the said Dale Kissel, whereby the said Dale Kissell sustained a broken leg and other injuries, and that by reason thereof the said bond became forfeited and action hath accrued to the said plaintiff to have and demand from the said defendant $2,500.00.

The case was tried on June 6, 1922 and verdict rendered for the plaintiff for $2500.00, a motion was made to set aside the verdict as being contrary to the law and the evidence and to grant the defendant a new trial, and the court took time to consider said motion and, on the 5th day of May, 1923, sustained said motion and set aside the verdict and granted to the defendants a new trial, to which action of the court the plaintiff accepted, and the case comes here on a writ of error, the petition assigning, as error, the action of the lower court in setting aside the verdict and praying that judgment be entered in this court on the verdict.

The accident occurred on Quarrier Street, between Beauregard Street and an alley which extends from Quarrier to Lee Street. Dale Kissel and four other boys were riding on Lee Street, and they rode up this alley to Quarrier Street and turned east on Quarrier Street. The defendant DeHainaut, driving an automobile with two passengers, came south on Beauregard Street and turned into Quarrier Street and was going west on Quarrier Street, meeting these boys, some of the boys were in front and some behind Dale Kissel, and at a point 30 or 40 feet west of the intersection of Beauregard Street, the automobile collided with the bicycle upon which Kissel was riding, and from the effects of the collision he suffered a compound comminuted fractures of the left leg above the knee and other injuries; he was taken to the hospital where he was confined for six weeks, and after the wounds healed, his left leg was found to be considerably shorter than his right leg.

There is much conflict in the evidence, Kissel and his com-

panions testify, substantially, that the plaintiff was on the right hand side of the street within three or four feet of the curb, and that he was going about eight or ten miles an hour, when he was struck by defendant's car; that the defendant's car came around the curve from Beauregard into Quarrier Street at a rate of speed estimated at from 25 to 35 miles per hour. The defendant, his two passengers and Witness Frame contradicted these statements materially. Their testimony, if believed by the jury, would entirely absolve the driver of the car, defendant DeHainaut, from any wrong or negligence causing this accident.

At the trial of the case it was "stipulated and agreed between counsel for plaintiff and defendant that the speed limit at the place where the injury occurred, provided by the ordinance of the City of Charleston is 15 miles an hour." An ordinance of said City was also introduced which reads as follows:

"Section 9: How to be driven. Vehicles should be driven in a careful manner with due regard for the safety and convenience of pedestrians and other vehicles. When one vehicle approaches another it shall pass to the left side of the overtaking vehicles. All vehicles meeting shall pass each other to the right. Vehicles shall keep to the right side of the street except when necessary to turn to the left when crossing or overtaking another vehicle; provided that no vehicle except upon one way traffic street or where otherwise provided herein."

The conditions of the bond entered into by the defendant and his sureties, which bond was introduced in the evidence in the case, are as follows: "Now, therefore, if the said Firman DeHainaut Jr., shall faithfully perform and discharge his duties as such motor vehicle driver and shall not violate any of the ordinances or any other orders of the City of Charleston, and shall pay any and all lawful claims for damages for injury to any person or property sustained by passengers in such vehicles or by any other person or persons that may be killed or injured in any way whatsoever or suffer damages in any way whatsoever to property by reason of the improper operation of said motor vehicles, then this obligation to be void, else to remain in full force."

The questions submitted to the jury were—did the defendant Firman DeHainaut Jr. breach the conditions of said bond, and was the plaintiff injured and damaged by reason of said breach, and if so the amount of said damage, and incidentally whether or not the plaintiff, by his negligence, contributed to the injury complained of?

The evidence on these questions is conflicting and the jury passed upon the facts and rendered the verdict which the lower court set aside, and which action of the court is now under consideration here. We do not think that the court was justified in setting aside the verdict on the grounds that it was contrary to the evidence. "The jury are to determine not only the credibility of the witnesses but also the weight which should be given to the testimony of each." 10 R. C. L. sec. 193; *Colmer v. Barret,* 61 W. Va., 237; *Sheff v. City of Huntington* 16 W. Va. 302; *Guynn v. Schwartz,* 32 W. Va., 487.

The defendant in error insists that the lower court committed no error in setting aside the verdict for the reason that the plaintiff's instruction No. 4 given by the court, ignored the defense of contributory negligence. There is no proof of contributory negligence. The defendant by all of the witnesses who testified in his behalf, who were questioned on the point and who were at the point where the accident occurred, shows that the defendant DeHainaut Jr., was on the right side of the street and that he was not driving over 10 or 12 miles an hour, and that while so driving the plaintiff, Dale Kissel, ran his bicycle into the car of the defendant and thereby caused the injury. This being the theory of the defense and there being no proof or admission of contributory negligence upon the part of the plaintiff, contributory negligence does not in any manner have any bearing upon the case. If the defendant was in no way chargable with negligence, how can the plaintiff be chargeable with contributory negligence? "Contributory negligence on the part of a person injured always implies negligence upon the part of the person causing the injury." *Powhatan Lime Co.* v. *Affleck's Admr.* 115 Va. 647.

If the jury had believed the testimony of the eye witnesses to the accident, who testified for the defendant, the jury

should have found for the defendant, not on the ground of the contributory negligence of the plaintiff, but on the sole grounds that the sole cause of the injury was the negligence of the plaintiff. Under this evidence the defendant was not negligent, he had not violated either of the ordinances of the city offered in evidence, and was entirely blameless of any wrong or act of negligence.

The jury did not believe the statements of these eye witnesses, offered by the defendant, and did believe the evidence of the eye witnesses of the accident who testified for the plaintiff which shows negligence upon the part of the defendant and disobedience of the ordinances of the city. And again this is not a binding instruction, it submits to the jury the facts that if ''you believe from the evidence that the plaintiff was run into and injured by reason of the fact that the defenant was at the time of said injury exceeding the speed limit, or was driving on the wrong side of the street or both, and that the *direct and proximate cause* of the injury was the fact that said defendant was exceeding the speed limit or was driving on the wrong side of the street, or both then you may find for the plaintiff.'' This instruction merely pointed out to the jury the salient and necessary facts that it should believe before it could find for the plaintiff. The words ''direct and proximate cause'' as used in the instruction mean the sole and only cause, and the jury was directed that if they believe from the evidence that the sole and only cause of the accident was the negligent acts by the defendant mentioned in the instructions, then it might find for the plaintiff.

We are of the opinion that the instruction does not violate any of the principles of the law governing this case and the lower court did not err in giving said instruction, and that the verdict of the jury should not have been set aside on account of having given it.

In the defendant's cross assignment of error he complains of the lower court having amended instruction 10½: ''By striking out the last 13 words thereof and inserting therein place in pencil the words, 'and that his contributory negligence was the direct and proximate cause of the accident, then you may find for the defendants.'' We do not find in the record where this instruction was amended or where it

was objected to by the defendant. It appears to have been offered by the defendant and given by the court. We have no record of what these thirteen words were and cannot consider this cross assignment of error.

The order of the court which sets aside the verdict will be reversed, the verdict re-instated and judgment thereon entered here, with interest from the date of the verdict, 6th day of June, 1922, as provided in sec. 16, ch. 131 code.

*Reversed and verdict reinstated.*