# CHARLESTON.

### A. F. SIMMS *v.* J. S. CHAMBERS *et al.*

### (No. 6083)

Submitted February 8, 1928.    Decided February 14, 1928.

NEW TRIAL—TRIAL—*Verdict Will Not be Set Aside and New Trial Awarded on Ground That Verdict is Contrary to Conflicting Evidence; Weight and Credit of Evidence Are Jury Questions; Only for Manifest Abuse or Plain Departure From Justice by Jury Can Court Grant New Trial Because Verdict is Contrary to Evidence.*

A verdict will not be set aside and a new trial awarded upon the grounds that it is contrary to the evidence, where the evidence is conflicting. The jury is the judge of the weight and credit to be attached to the evidence, and it is only in cases of manifest abuse or plain departure from right and justice that the court can interfere with the finding of a jury in such matters by granting a new trial.

(New Trial, 29 Cyc. pp. 822, 827; Trial, 38 Cyc. pp. 1516, 1518.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mercer County.

Action by A. F. Simms against J. S. Chambers and others. Judgment for plaintiff, and the named defendant brings error.

*Affirmed.*

*Hugh G. Woods,* for plaintiff in error.
*W. H. Malcolm,* for defendant in error.

WOODS, JUDGE:

This is an action of trespass on the case in assumpsit to recover damages sustained by reason of the delivery of a note in violation of an alleged escrow agreement. Defendant complains of the action of the circuit court of Mercer county in entering judgment on a verdict for the plaintiff.

J. S. Chambers, a real estate agent, being advised that A. F.

Simms had recently sold his property, approached Simms with a view of interesting him in a certain property belonging to one Fitzgerald, which property he priced to Simms at $6,000.00 ($200.00 of the amount representing anticipated commissions). This property was incumbered by a deed of trust securing a $3,500.00 obligation of Fitzgerald's. Simms agreed to take the property providing a certain $2,200.00 note, with security attached, held by him, could be used as the cash payment, and providing further a loan could be secured to lift the existing deed of trust. This $2,200.00 note, according to Simms, was delivered to Chambers on condition that it was not to be delivered to Fitzgerald until the deal was closed and the required loan secured. Application was made to a Richmond loan company, through A. E. Calfee, its local representative, for a loan on said property. Simms entered into possession of the property at the instance of Chambers, in anticipation of the proposed loan being approved. Several months later Simms received word that the loan had been refused. He then requested that Chambers return the $2,200.00 note, and the security therewith, and was informed that the same had been delivered to Fitzgerald. Sometime later the property was sold under the deed of trust given by Fitzgerald to satisfy the $3,500.00 indebtedness against it.

As already shown, Simms contends that the note in question was to be held in escrow until a loan could be secured upon the property; that the bank would not extend a further loan, and that he could not purchase unless he could secure a loan to satisfy the existing deed of trust. Chambers, however, takes the position that the $2,200.00 note was to be the cash payment and the loan had nothing to do with the sale of the property, that being a matter of future consideration; that securing and delivering the deed completed his contract with plaintiff. He states that he delivered the deed for the property to Mrs. Simms, but the latter, as well as Simms, denies receipt of the same. He then introduces a copy of the deed of trust, which was prepared and executed to secure the loan, should the same be approved, to support his contention that the parties received the deed. Simms and wife explain that they did not have the same prepared. DeJarnette, the

attorney who prepared the papers, as well as the abstract, testified that he did not know Simms or his wife, and that he had no transactions with them; that he abstracted the title to the Fitzgerald property, made a copy of the deed, drafted the deed of trust that was signed by Simms and wife; and that all of the papers in the case were either furnished to him by Mr. Calfee or Mr. Chambers. Chambers also sought to show that Simms and wife occupied the property for some time after the Richmond company had disapproved the proposed loan and allowed the same to be sold without making a reasonable effort to secure a loan from some other source.

In the absence of a request for instructions, the court of its own motion gave seven which fully and fairly submitted the questions in issue to the jury. While the defendant, in his motion to set aside the verdict, complained of the court's failure to instruct the jury as to what he meant by the expression "reasonable effort", we think that the words are self explanatory and do not require any further definition.

The defendant asks that the verdict be set aside as being contrary to the law and the evidence. He contends that the recital in the deed of trust executed by Simms and wife to the effect that a deed had been executed to them amounts to an acknowledgment of receipt of the deed, and that this documentary evidence is enough to justify the setting aside of the verdict. To support this contention, he refers us to point four, syllabus, in the case of *Coalmer* v. *Barrett,* 61 W. Va. 237, which says: "To justify setting aside a verdict in a case involving conflicting oral evidence, on the ground alone that the verdict is plainly against the decided weight and preponderance of conflicting evidence, the Court must go beyond the question of credibility of the witnesses who gave conflicting oral evidence in the presence of the jury, and find documentary evidence, uncontroverted evidence, facts, or circumstances, or some of these which, when considered with such conflicting oral evidence, plainly constitute a decided weight and preponderance of evidence against the verdict." But does the deed of trust under the circumstances of this case have the weight that counsel for defendant attributes

to it? The plaintiff was seeking to secure a loan. All parties knew that the deed of trust must appear regular in every respect, else the loan would not go through; hence, it must of necessity show on its face that the plaintiff here was possessed with the title. But another fact enters into this case. The attorney who drew up the paper states that it was done at the instance of Chambers or Calfee rather than at the request of plaintiff and that he had no transactions with the latter. Chambers or Calfee must have supplied the attorney with a copy of the deed. So, rather than being so overwhelming in favor of the defendant, the deed of trust seems to us to be about as much in favor of the plaintiff as in favor of the defendant.

A verdict will not be set aside and a new trial awarded upon the grounds that it is contrary to the evidence where the evidence is conflicting. The jury is the judge of the weight and credit to be attached to the evidence, and it is only in cases of manifest abuse or plain departure from right and justice, that the court can interfere with the finding of a jury in such matters by granting a new trial. *Charleston* v. *DeHainaut,* 95 W. Va. 202. The evidence was conflicting, and the jury have found for the plaintiff under proper instructions. We cannot disturb that verdict.

*Affirmed.*