PAUL GRAZIANI *v.* RALPH W. FIMPLE

(No. 6834)

Submitted April 14, 1931. Decided April 21, 1931.
(Rehearing denied June 9, 1931.)

*M. M. Neely,* for plaintiff in error.
*J. V. Blair, Jr.,* for defendant in error.

WOODS, JUDGE:

This is an action to recover damages for personal injuries due to the alleged negligence of defendant. Error is prosecuted by the defendant from the action of the circuit court of Marion county in setting aside a verdict in his favor, and granting plaintiff a new trial.

It appears that plaintiff had, four days prior to the injury, been hired as foreman by the defendant, a road contractor, and placed over certain employees on a road job, over which Ed Kennedy was the general foreman. Each morning the plaintiff, together with others, assembled at a designated point approximately five miles from the job, and rode to work in a 2½-ton dump truck, operated by Carl Bartholow, one of defendant's employees. On the morning of the accident, the plaintiff and five others, Guy Davis, Steve Peter, Hume McCoy, Harry F. Taylor and Kennedy, rode on the dump portion of the truck, sitting on the side of the bed, with their feet on the inside. Charles Wageley rode in the cab beside the driver, and Dominic Graziana, plaintiff's son, sat on the floor of the cab, with his feet on the right step. A quarter of a mile from the place where the grading was being done, the driver stopped the truck for a minute or two to determine whether to drive through or around a mudhole which was caused by rain the night before. When the truck was started forward, the plaintiff, who was attempting to alight, was thrown under the right rear wheel and his right leg and left foot severely injured.

By reason of failure to avail himself of protection of the Workmen's Compensation Law, the defendant is deprived of the common law defenses of contributory negligence, the assumption of risk and fellow servant rule. The controlling issue raised by the evidence, therefore, resolves itself into whether or not the plaintiff was injured through the negligent operation of the truck.

On this issue the plaintiff testified, among other things,

that the driver stopped on the former's orders, and got out to investigate; that he, plaintiff, while the driver was on the ground, said: ''Carl you better stop here, impossible, you can't get through here  *  *  *  I am going to send tractor to you to pull the truck over,'' and that in the face of such instructions that the driver started the car forward just as plaintiff started to alight, whereby the latter was thrown under the right wheel and his right leg and left foot severely injured. The driver states that he stopped for a short period to determine whether to go around or through the mud hole. He states that he never got out of the cab, and that he never heard plaintiff direct him to do anything; that shortly before starting forward, he noticed that plaintiff was seated on the edge of dump body with his feet to the center. Wageley and Dominic Graziana did not hear plaintiff's alleged orders to the driver. Those on the bed of the truck with plaintiff were talking, and, with the exception of Guy Davis, did not hear him give any orders. ·

Plaintiff admits a conflict on all material points, but insists that the evidence preponderates in his favor. If such be the case, it is not sufficient in itself to warrant the trial court in invading the province of the jury. The jury by their verdict found that the driver was not directed to stop the truck at the mud hole, or to leave it there until the arrival of a tractor. This question was for them. The courts in the Virginias, from earliest times, have guarded with jealous care the province of the jury. Where a question depends upon the weight of testimony, or inferences or deductions from the facts proved, the jury are exclusively and uncontrollably the judges. The court cannot interfere in a doubtful case. *Ross* v. *Gill*, 1 Wash. 87; *McDowell* v. *Crawford*, 11 Grat. 377; *State* v. *Sullivan*, 55 W. Va. 597; *State* v. *Vest*, 98 W. Va. 138; *Wilson* v. *Amusement Co.*, 99 W. Va. 290; *State* v. *Skaggs*, 99 W. Va. 689; *State* v. *Jankowski*, 102 W. Va. 234; *Denoff* v. *Fama*, 102 W. Va. 494.

The jury were fully and properly instructed as to the law of the case. We have carefully considered those of plaintiff's instructions which were refused and those of defendant, given over plaintiff's objection, and, in the absence of any special

indication from the plaintiff, either in brief or oral argument, as to why they should or should not have been given, are of the opinion that the court's action thereon was proper.

It appears that after the trial the plaintiff secured an affidavit of one of the jurors to the effect that he never would have agreed to the verdict had he not been informed by two other jurors that the plaintiff was protected by insurance. This was filed over objection of defendant, who later filed four affidavits denying any such conversation in the jury room. While not in the record, it was admitted at the bar of this Court that the trial court, at the time of setting aside the verdict, stated that his decision had not been influenced in any way by the affidavit. The defendant, however, insists that the trial court may have been unconsciously influenced thereby. While not necessary to a determination of this case, we take this opportunity to condemn the practice of receiving such affidavits. Long ago the Virginia court inveighed against the practice of allowing a juror to impeach his verdict. *Bull* v. *The Commonwealth,* 14 Gratt. 613. It was there held that "little or no evil can result from the exclusion of his testimony; none in comparison with the great evils which would result from its admission." This Court has given its unstinted approval to the foregoing principle in many decisions. *Chesapeake & Ohio Ry. Co.* v. *Patton,* 9 W. Va. 663; *Reynolds* v. *Tompkins,* 23 W. Va. 229.

The judgment of the circuit court is, therefore, reversed, the verdict re-instated, and judgment entered thereon for the defendant.

*Judgment reversed; verdict reinstated; entered.*