OKEY MORRIS

*v.*

LOTTIE NELSON, *et al.*

(No. 10333)

Submitted October 2, 1951.   Decided December 18, 1951.

*J. T. Reynolds, Lon G. Marks,* for plaintiff in error.

*Dewey B. Jones,* for defendants in error.

HAYMOND, JUDGE:

This action of ejectment was instituted in June, 1949, in the Court of Common Pleas of Kanawha County, by the plaintiff Okey Morris to recover from the defendants, Lottie Nelson and Sidney Nelson, her husband, possession of a small triangular parcel of land containing approximately 2.2 acres which the plaintiff alleged was a part of a larger tract of 25 acres of land situated on Mill Creek, Elk District, Kanawha County, the possession of which small triangular parcel of land the plaintiff charged the defendants unlawfully withheld from him. To the declaration of the plaintiff, filed in the clerk's office on June 15, 1949, the defendant Lottie Nelson, on July 9, 1949, filed her plea of not guilty and a disclaimer by which she renounced any right, title or interest in the 25 acres of land described in the declaration, except the small triangular parcel of land containing approximately 2.2 acres and any other portion of the tract of 25 acres which might intersect or overlap a certain parcel of land conveyed to her by W. D. Lewis and Jennie Lewis, his wife, by deed dated May 24, 1913. At the same time the defendant Sidney Nelson, without entering any plea to the declaration, filed his disclaimer by which he renounced all right, title or interest to the land described in the declaration. Upon the foregoing pleadings and the disclaimers of the defendants, the case was tried by a jury which, on January 14, 1950, returned a general verdict in favor of the defendants. By order entered January 24, 1950, the court of common pleas overruled

724

the motions of the plaintiff to render judgment for the plaintiff notwithstanding the verdict of the jury and to set aside the verdict and entered judgment upon the verdict and awarded costs in favor of the defendants. By order entered May 11, 1950, the Circuit Court of Kanawha County refused the petition of the plaintiff for a writ of error and supersedeas to the final judgment of the Court of Common Pleas of Kanawha County, and to that judgment of the circuit court this Court granted this writ of error upon the petition of the plaintiff.

The tract of land of 25 acres to which the plaintiff claims title, and in which he contends the parcel of 2.2 acres in dispute between the parties is included, was conveyed to the plaintiff and his brother, Kelly Morris, by Algie Swinburn by deed dated March 21, 1938, and by deed dated July 21, 1939, Kelly Morris conveyed his interest in the property to the plaintiff. Certified copies of these deeds and other mesne conveyances during a period of approximately thirty-four years under which Algie Swinburn held, and the plaintiff, as his successor, holds, title to the tract of 25 acres of land, were introduced in evidence by the plaintiff.

The defendant Lottie Nelson claims title and ownership to the small parcel of 2.2 acres in dispute by virtue of a deed to her for a small triangular parcel of land, the area of which is not stated in the description in the deed, from W. D. Lewis and Jennie Lewis, his wife, dated May 24, 1913.

The plaintiff, who was unacquainted with the tract of 25 acres and with the land claimed by the defendant Lottie Nelson, before he and his brother purchased the land from Algie Swinburn, entered into possession of the tract of 25 acres in 1938, and since then he and his wife have resided in a dwelling on a part of the tract located west of but not included in the 2.2 acres in dispute between the parties. The defendant Lottie Nelson and her husband, Sidney Nelson, in 1912, under a contract of purchase, entered into possession of the small tract of land

conveyed to her by her deed from the Lewises dated May 24, 1913, and since that time they have occupied and resided upon what they claim is a part of the land covered and conveyed by that deed, and they claimed the land so occupied by them to the extent of the boundaries set forth in the deed.

By the plea of the general issue, filed by the defendant Lottie Nelson, the only plea permitted in an action of ejectment by the provisions of Section 10, Article 4, Chapter 55, Code, 1931, and under which the defendant may give in evidence any matter which, if pleaded in the former writ of right, would have barred the action of the plaintiff, and by the disclaimers filed by both defendants with her plea, the issue between the parties was narrowed and confined to the 2.2 acres in dispute which are definitely described by metes and bounds in the disclaimer of the defendant Lottie Nelson and in the declaration of the plaintiff.

The plaintiff introduced evidence to show that the 2.2 acres in dispute were included in the description of the 25 acre tract of land set forth in the deeds to him from Kelly Morris and Algie Swinburn. The plaintiff and a surveyor, who made a survey of the 25 acre tract in 1947 and a map of the land as surveyed by him which was filed in evidence with his testimony, both testified to that effect. Plaintiff also introduced evidence to the effect that parts of the 2.2 acres in dispute were covered by underbrush and small timber when the plaintiff moved on the 25 acre tract in 1938, that only small portions of the 2.2 acres had been or were cleared, and that those portions had been only intermittently cultivated or farmed since that time. The evidence introduced in behalf of the plaintiff also tended to show that a two room dwelling which the plaintiff says he permitted a man named Bill Hickman to build on the 2.2 acres was built in the summer of 1939, and that at that time there were no fences upon any part of the 2.2 acres. The plaintiff also introduced evidence to prove that the tract of 25

acres of land was a part of Lot R of lands indicated on a map designated as the Lower Steel Survey filed in evidence as plaintiff's Exhibit A. This map indicates the division line between Lots R and N of the Lower Steel Survey and the plaintiff relies upon the map to support his contention that the land claimed by the defendant Lottie Nelson was a part of Lot N and that no part of it was included within the boundaries of Lot R as disclosed by that survey.

The evidence introduced in behalf of the defendants tended to show that the 2.2 acres in dispute were included within the boundaries described in the deed from the Lewises to the defendant Lottie Nelson. Both of the defendants who were well acquainted with the 25 acre tract of the plaintiff and the land claimed by the defendant Lottie Nelson, and had known those lands and other lands in the immediate neighborhood for many years, testified that the 2.2 acres in dispute lay within the boundaries contained in the deed from the Lewises to the defendant Lottie Nelson. The defendant Sidney Nelson also testified that the triangular parcel of land claimed by the defendant Lottie Nelson, under her deed from the Lewises, had been surveyed by a surveyor named Cole in 1933 and that he had assisted Cole in making the survey. The defendants introduced a map of this survey, which had been filed of record in the Circuit Court of Kanawha County in prior litigation between Sidney Nelson and other parties involving other land claimed by Nelson in that litigation. This map showed only two lines which ran from the base and joined at the apex of the triangular parcel of land but did not show any line at the bottom or the base of the triangle. A civil engineer, introduced as a witness for the defendant, testified that in 1948 he made a map which was introduced in evidence with his testimony, based on the Cole survey and map, and that on his map he had added a line between the two ends of the two lines on the Cole map, and that the line so added by him closed the triangle and indicated the land claimed by the de-

fendant Lottie Nelson. The defendant Lottie Nelson also testified that Hickman had occupied the small dwelling built by him on the land in dispute as her tenant and that following Hickman's removal from the dwelling within several months after it was built various other persons had occupied it as her tenants. She and her husband and son further testified that Hickman had built the dwelling in 1935 or 1936 and not in 1939 as testified to by the plaintiff and his wife. They also testified that a fence had been constructed between the small residence built by Hickman and the residence occupied by the defendants and on other parts of the land in dispute; and the son of the defendants testified that these fences were built in 1934. According to Sidney Nelson and his son parts of these fences are no longer standing but other parts still remain upon the land. The defendants, the sister of the defendant Sidney Nelson, and other witnesses produced in behalf of the defendants, stated that the defendants had cleared and cultivated various portions of the land in dispute during the period between 1913 and the commencement of this action.

The evidence introduced in behalf of the respective parties, relating to the courses and the distances of the boundaries described in the deeds under which the plaintiff claims title to the land in dispute and as indicated on the map filed in evidence as plaintiff's Exhibit C, and to the courses and the distances of the boundaries described in the deed under which the defendant Lottie Nelson claims such land and as indicated on the maps filed in evidence as defendants' Exhibits No. 1 and No. 1A, discloses material discrepancies between the boundaries mentioned in the deeds and as shown on the respective maps. The difference in the distance of one of the boundary lines in the two deeds to the plaintiff and the same line as shown on plaintiff's Exhibit C was as much as 69.5 feet, and the difference between the course and the distance of one of the boundary lines in the deed under which the defendant Lottie Nelson claims and the same line as shown on defendants' Exhibit No. 1 is as much

as 44 degrees and 186½ feet. It is likely that these discrepancies in the descriptions in the deeds and the maps introduced in evidence and relied on by the respective parties caused the jury to believe that neither the plaintiff nor the defendant established his or her title or right of possession to the land in dispute. If the jury entertained that belief it should have rendered, as it did in fact render, its verdict in favor of the defendants.

Upon substantially the foregoing evidence the jury returned a verdict in favor of the defendants upon which the judgment complained of by the plaintiff was entered by the trial court.

By his numerous assignments of error the plaintiff seeks reversal of the judgment of the trial court on substantially these grounds: (1) The verdict is fatally defective because it fails to locate the boundary line between the land claimed by the plaintiff and the land claimed by the defendant Lottis Nelson; (2) the evidence in behalf of the defendant does not support the verdict of the jury; (3) the trial court improperly admitted in evidence the map made by the civil engineer who testified as a witness for the defendants; (4) the trial court should have sustained the motion of the plaintiff for judgment notwithstanding the verdict; (5) the trial court should have sustained the motion of the plaintiff to set aside the verdict and grant him a new trial; and (6) the instructions offered by the plaintiff, and refused by the trial court, should have been given.

The plaintiff insists that the verdict of the jury in favor of the defendants is fatally defective because it failed to locate the boundary line between the land claimed by the plaintiff and the land claimed by the defendant Lottie Nelson, and in support of that contention he cites the case of *Miller* v. *Holt,* 47 W. Va. 7, 34 S. E. 956, in which the jury returned a verdict for the plaintiff for the land described in the declaration but did not locate or describe a line which constituted the division line between the lands of the plaintiff and the defendant. The statute which with slight modifications has been in

force in this State for many years and a part of which is now Section 18, Article 4, Chapter 55, Code, 1931, provides that "When the right of the plaintiff is proved to all the premises claimed, the verdict shall be for the premises generally, as specified in the declaration; but if it be proved to only a part or share of the premises, the verdict shall specify such part particularly as the same is proved, and with the same certainty of description as is required in the declaration. * * *. The verdict shall also specify the estate found in the plaintiff, whether it be in fee or for life, stating for whose life, or whether it be a term of years, and specifying the duration of such term." Another part of the same statute which is now Section 17, Article 4, Chapter 55, Code, 1931, also provides that "If the jury be of opinion for the plaintiffs, or any of them, the verdict shall be for the plaintiffs or such of them as appear to have right to the possession of the premises, or any part thereof, and against such of the defendants as were in possession thereof, or exercised acts of ownership thereon, or claimed title thereto or any interest therein, at the commencement of the action. Where any plaintiff appears to have no such right, the verdict as to such plaintiff shall be for the defendants. * * *." The requirement of the first quoted statutory provision that if the right of the plaintiff be proved to all or to only a part or share of the premises involved the verdict in favor of the plaintiff shall specify such part particularly as it is proved, with the same certainty of description as is required in the declaration, and shall also specify the estate found in the plaintiff, has been recognized and enforced by this Court in many cases. *Low* v. *Settle,* 22 W. Va. 387; *Oney* v. *Clendenin,* 28 W. Va. 34; *Miller* v. *Holt,* 47 W. Va. 7, 34 S. E. 956; *Wilson* v. *Braden,* 48 W. Va. 196, 36 S. E. 367; *Croston* v. *McVicker,* 76 W. Va. 461, 85 S. E. 710; *Yonker* v. *Grimm,* 101 W. Va. 711, 133 S. E. 695. When, however, the verdict is for the defendant, there need be no specification of the estate. See *Hicks* v. *New River and Pocahontas Consolidated Coal Company,* 95 W. Va. 17, 120 S. E. 898.

In *Jones* v. *Chesapeake and Ohio Railroad Company*, 14 W. Va. 514, the plaintiffs, claiming a tract of 50 acres of land, sought to recover a part of the 50 acres consisting of a small strip of land claimed and possessed by the defendant as a right of way. The case was heard by the jury upon the defendant's plea of not guilty. The jury returned a general verdict for the defendant, and after the return of the verdict the defendant disclaimed all right or title to any portion of the premises described in the declaration except the small strip of land. In sustaining the verdict in the form returned by the jury, this Court held, in point 3 of the syllabus that "A general verdict for the defendant in an action of ejectment, if warranted by the evidence, is proper; and no disclaimer is necessary to its validity, although much more land was described in the declaration, than the defendant had in possession at the commencement of the action." In the opinion in the *Jones* case this Court said:

"It is claimed, that the court erred in refusing to set aside the verdict and grant a new trial, 'because the verdict gave the defendant the *fee simple* right to the one acre of land in its possession, when the evidence showed that the said defendant claimed only the *life estate* of James W. Huffard in the said one acre of ground.' The learned counsel making the objection, is entirely mistaken as to the effect of the verdict. It was not to establish the right of the defendant to the land; because the defendant, according to the well settled law, could as well have defeated the plaintiffs by showing an outstanding title in some other person than the plaintiffs, as to show that it had the title in itself. The plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of the title of his adversary. The declaration asserts, that the defendant unlawfully withholds from the plaintiffs the possession of the premises. The verdict says it does not.

"Section 23 of chapter 90 of the Code provides: 'If the jury be of opinion for the plaintiffs, or any of them, the

verdict shall be for the plaintiffs, or such of them as appear to have right to the possession of the premises or any part thereof, and against such of the defendants as were in possession thereof, or claimed title thereto, at the commencement of the action.'

"Section 24 declares: 'Where any plaintiff appears to have no such right, the verdict, as to such plaintiff, shall be for the defendant.'

"The verdict in this case was in strict accordance with the 24th section. The plaintiffs did not appear to have any right to the possession of the land in possession of the defendant at the commencement of the action, and therefore the verdict for the defendant was proper. The verdict was proper in the form it was rendered: 'We, the jury find for the defendant.' It was a general verdict of not guilty; and there was no need of a disclaimer; there was nothing for the defendant to disclaim. It had recovered nothing. It had prevented the plaintiffs from recovering from it the little strip of ground over which it claimed the right of way.

"While the disclaimer was unnecessary its being entered of record did no injury to the plaintiffs."

In *Tolley* v. *Pease,* 72 W. Va. 321, 78 S. E. 111, a general verdict for the defendants which did not locate a division line definitely fixed in a disclaimer was recognized as valid by this Court.

In the case at bar the jury evidently believed, from the evidence, that the plaintiff had no right to the land in dispute occupied by the defendant Lottie Nelson and, for that reason, returned a general verdict for the defendants. The verdict constituted a finding that the plaintiff was not entitled to recover from the defendants the possession of any part of the 2.2 acres in dispute, is regular and proper, and should not be disturbed.

The evidence in behalf of the respective parties bearing upon the issues of the relative claims of the plaintiff and the defendant Lottie Nelson to the title and the possession

of the 2.2 acres of land in dispute, which issues were limited by the pleadings and the disclaimer of the defendant Lottie Nelson to that parcel of land, was conflicting. The jury, by its verdict, resolved the conflict in the evidence in favor of the defendants. In ejectment the fundamental general rule, uniformly recognized and applied by this Court, is that the plaintiff must recover upon the strength of his own title and not upon the weakness of the title of the defendant. *Jones* v. *Chesapeake and Ohio Railroad Company,* 14 W. Va. 514; *Barton's Heirs* v. *Gilchrist,* 19 W. Va. 223; *Witten* v. *St. Clair,* 27 W. Va. 762; *Low* v. *Settle,* 32 W. Va. 600, 9 S. E. 922; *Holly River Coal Company* v. *Howell,* 36 W. Va. 489, 15 S. E. 214; *Ronk* v. *Higginbotham and Carrier,* 54 W. Va. 137, 46 S. E. 128; *Summerfield* v. *White,* 54 W. Va. 311, 46 S. E. 154; *Wade* v. *McDougle,* 59 W. Va. 113, 52 S. E. 1026; *Taylor* v. *Russell,* 65 W. Va. 632, 64 S. E. 923; *William James Sons Company* v. *Hutchinson,* 73 W. Va. 488, 80 S. E. 768; *Sands* v. *Holbert,* 93 W. Va. 574, 117 S. E. 896; *Rolfe Coal Mining Company* v. *Redden,* 102 W. Va. 59, 135 S. E. 171. In an action of ejectment, when the boundaries of the land are in dispute, the burden is upon the plaintiff to identify the land claimed by him so far as its external boundaries are concerned. *Holly River Coal Company* v. *Howell,* 36 W. Va. 489, 15 S. E. 214; *Miller* v. *Holt,* 47 W. Va. 7, 34 S. E. 956; *Ronk* v. *Higginbotham and Carrier,* 54 W. Va. 137, 46 S. E. 128. By its verdict the jury resolved the conflict in the evidence, upon the issues involved, in favor of the defendants. The determination of the weight of the evidence is for the jury. *Porter* v. *Staley,* 99 W. Va. 91, 127 S. E. 911. When a case involves conflicting testimony and circumstances, and has been fairly tried, under proper instructions, the verdict of the jury will not be set aside unless it is against the preponderance of the evidence or without evidence to support it. *Davis* v. *Pugh,* 133 W. Va. 569, 57 S. E. 2d 9; *Yuncke* v. *Welker,* 128 W. Va. 299, 36 S. E. 410; *Dangerfield* v. *Akers,* 127 W. Va. 409, 33 S. E. 2d 140; *Webb* v. *Brown and Williamson Tobacco Company,* 121 W. Va. 115, 2 S. E. 2d 898; *Ware*

v. *Hays,* 119 W. Va. 585, 195 S. E. 265; *Graziani* v. *Fimple,* 110 W. Va. 383, 158 S. E. 658; *Simms* v. *Chambers,* 105 W. Va. 171, 141 S. E. 788; *City of Charleston* v. *De Hainant,* 95 W. Va. 202, 120 S. E. 524; *Rush* v. *Buckles,* 93 W. Va. 493, 117 S. E. 130, *Keenan* v. *Donohoe,* 70 W. Va. 600, 74 S. E. 859. The verdict in this case, being based on conflicting evidence and the evidence being sufficient to support it, will not be disturbed by this Court.

The plaintiff complains of the action of the trial court in permitting the defendants to introduce evidence, under the plea of not guilty, in support of the claim of adverse possession of the land in dispute for more than the statutory period of ten years by the defendant Lottie Nelson under her deed as color of title to the land in dispute, or of the particular portions of such land actually occupied and farmed or cultivated by her, under claim of title to such parts of such land. In ejectment a defendant who claims title to land against its legal owner may show his color or his claim of title as a defense, but in so doing he must show that such color or claim of title covers the land or part of the land in controversy; that he entered under such color or claim of title upon the land or some part of it; that his entry was hostile and adverse to the party having the legal title, and was actual, visible, exclusive and unbroken under color or claim of title for ten years before the commencement of the action against him. *Maxwell* v. *Cunningham,* 50 W. Va. 298, 40 S. E. 499. Such defenses may be shown upon the plea of the general issue in ejectment under Section 10, Article 4, Chapter 55, Code, 1931, which provides that "Upon such plea, the defendant may give in evidence any matter which, if pleaded in the former writ of right, would have barred the action of the plaintiff." Upon those issues, the evidence was conflicting and the jury resolved the conflict in favor of the defendants. Under the rule, previously stated relating to a verdict of the jury based upon conflicting evidence, the verdict in this case, with respect to those issues, should not be disturbed by this Court.

It should be observed that the case of *Alford* v. *Ka-*

*nawha and West Virginia Railroad Company,* 84 W. Va. 570, 100 S. E. 402, cited and relied on by the plaintiff in support of his contention that the defendants should not be permitted to interpose the separate defenses of adverse possession by the defendant Lottie Nelson under color and claim of title to the land in dispute against the claim of the plaintiff, does not deal with the right of a defendant to interpose separate and distinct defenses in an action at law. In the *Alford* case this Court held in point 4 of the syllabus that "Where plaintiff's cause of action is based upon two separate theories of negligence upon the part of the defendant, one of which is supported only by improper evidence admitted over defendant's objection, and the court submits the same to the jury upon both of such theories, a verdict rendered in favor of the plaintiff will be set aside, for the reason that it is impossible to tell upon which theory the verdict is based; it being as likely that the jury based its verdict upon the theory supported only by improper evidence as upon the other." The distinction between different theories on which a plaintiff in an action at law bases his claim, one of which is supported only by incompetent evidence, and the right of a defendant in an action of ejectment to interpose the different defenses interposed in this case under the plea of not guilty is obvious, and the holding in the *Alford* case is clearly inapplicable to any issue involved in the case at bar.

The contention of the plaintiff that the trial court erred in overruling his motion to render judgment for the plaintiff notwithstanding the verdict is devoid of merit. A judgment notwithstanding the verdict may not be based on the evidence adduced under the pleadings in an action but must be based on the merits of the case as disclosed by the pleadings. It may be applied to defeat a judgment on a verdict based on a declaration that does not state a cause of action but in no event can it be based upon a declaration which, as in this case, is sufficient in law. *Thomason* v. *Mosrie,* 134 W.Va. 634, 60 S. E. 2d 699; *Shafer* v. *Security Trust Company,* 82 W. Va.

618, 97 S. E. 290. In the *Shafer* case, in discussing the function of a motion for judgment notwithstanding the verdict this Court said in point 5 of the syllabus: "A judgment *non obstante veredicto* must be based upon the merits of the case as disclosed by the pleadings, not in any sense upon the evidence adduced thereunder. It may be applied to defeat a judgment upon a verdict predicated upon a declaration that does not state a cause of action entitling the plaintiff to recover. But in no event can it serve the purpose of a demurrer to reach a merely formally defective declaration, which but for the informality or irregularity states a good cause of action."

The plaintiff offered four instructions, three of which, upon objection of the defendants, were refused by the trial court. Each of the instructions refused would have told the jury that if the defendants failed to establish the defense mentioned in the particular instruction the jury could return a verdict in favor of the plaintiff. As the burden rested upon the plaintiff to establish his right to recover from the defendants the possession of the land in dispute, the instructions, which ignored that requirement, were properly refused.

For the foregoing reasons, the judgments of the Court of Common Pleas and the Circuit Court of Kanawha County are affirmed.

*Affirmed.*